```
RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

OE PLUS, LTD.

    **Plaintiff**

v.

ARCH AUTO PARTS CORPORATION,
MICHAEL LEE and CHRISTOPHER
BODH

    **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

05 10723 NMG

MAGISTRATE JUDGE _____

TO:   OE PLUS, LTD. and its counsel, Kevin J. Lesinski, Esquire, Heidsha Batista, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210.

Pursuant to 28 U.S.C. Section 1446, Defendant, Arch Auto Parts Corporation ("Defendant"), hereby gives notice of removal of the above-entitled action to the United States District Court for the District of Massachusetts, and in support hereof, states as follows:

1. On or about March 16, 2005, the Plaintiff OE Plus, Ltd. ("Plaintiff") filed an action against the Defendant in the Superior Court for the Commonwealth of Massachusetts, Docket No. BRCV2005-00277, entitled OE Plus, Ltd. v. Arch Auto Parts Corporation et al. (the "State Action"). A copy of the Complaint served upon the Defendant in the State Action is attached hereto collectively as Exhibit 1.

2. The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1)

a. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Plaintiff asserts claims against the Defendant for breach of contract, breach of implied covenant of good faith and fair dealing, quantum meruit, goods sold and delivered, fraud, negligent representation and violation of G.L. c. 93A.

b. The matter in controversy is between citizens of different states. The Plaintiff states that it is a corporation with its principal place of business in North Dighton, Massachusetts. The Defendant is a New York corporation with principal place of business in Jamaica, New York. The two co-defendants are individuals and residents of the State of New York.

3. This notice of removal is filed within 30 days after service of the Summons and Complaint on the Defendant, and all process and pleadings served upon the Defendant are attached hereto as Exhibit 1.

5. The United States District Court for the District of Massachusetts is the District Court for district embracing the entire state of Massachusetts, where the State Action is currently pending. See 28 U.S.C. Section 101.

6. The Defendant expressly reserves the right to raise all defenses and objections to Plaintiff's claims after the action is removed to the above Court.

Date: _____

Respectfully submitted
ARCH AUTO PARTS CORPORATION

_____
Lewis J. Cohn, Esq. BBO#553803
Michael H. Theodore, Esq, BBO#565098
25 Burlington Mall Road, Sixth Floor
Burlington, MA 01803
(781) 494-0200

## CERTIFICATE OF SERVICE

I, Michael H. Theodore, hereby certify that on this _____ day of _____, 2005, I served by first class mail, postage pre-paid, a true and accurate copy of the foregoing Notice of Removal upon Plaintiff's counsel of record:

Kevin J. Lesinski, Esq.
Heidsha Batista, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Date: _____

F:\firm\MHT\Arch Auto Parts\OE Plus\Notice of Removal to USDC.wpd

3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Oil Plus, LTD.

**DEFENDANTS** Arch Auto Parts Corporation, Michael Lee and Christopher Booth

**(b)** County of Residence of First Listed Plaintiff: Bristol County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Kevin J. Lesinski, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210, 617-946-4800

Attorneys (If Known): Lewis J. Cohn, Cohn D Dussi LLC, 25 Burlington Mall Rd, 6th Fl., Burlington, MA 01803, 781-494-0200

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1446
Brief description of cause: Breach of contract, covenant of good faith, fraud, etc.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/12/05
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __OE PLUS LTD. vs. ARCH AUTO PARTS CORP__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

    **05  10723 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐    NO ☑

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Lewis J. Cohn__
ADDRESS __Cohn & Dussi, LLC, 25 Burlington Mall Rd. 6th Floor, Burlington MA 01803__
TELEPHONE NO. __781-444-0200__

(CategoryForm.wpd - 2/15/05)

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. BRCV2005-00277

OE PLUS, LTD.
)
)
)   Plaintiff,
)
vs.
)
)
ARCH AUTO PARTS CORPORATION,
)
MICHAEL LEE and
)
CHRISTOPHER BODH
)
)
)   Defendants.
)

RECEIVED
Date: 3-16-05      d/a
BRISTOL SUPERIOR COURT

05cv10723 NMG

## COMPLAINT

### Parties, Jurisdiction and Venue

1. Plaintiff OE Plus, Ltd. ("OE Plus") is a Massachusetts corporation with a principal place of business at 620 Spring Street, P.O. Box 508, North Dighton, Massachusetts. OE Plus is a supplier of, among other things, automotive starters and alternators.

2. Defendant Arch Auto Parts Corporation ("Arch") is, on information and belief, a New York corporation with a principal place of business at 170-08 Jamaica Avenue, Jamaica, New York. Arch is in the wholesale and retail automotive parts business.

3. Defendant Michael Lee ("Lee") is, on information and belief, an individual residing in New York. Upon further information and belief, Lee is the President of Arch.

4. Defendant Christopher Bodh ("Bodh") is, on information and belief, an individual residing in New York. Upon further information and belief, Bodh is the Vice President of Arch.

5. This Court has jurisdiction over the defendants pursuant to the Long Arm Statute, M.G.L. c. 223A, §3, as, inter alia, they have either transacted business in this Commonwealth; have caused a tortious injury by act or omission in this Commonwealth; or have caused a tortious injury in this Commonwealth by act or omission outside this Commonwealth while regularly doing or soliciting business in this Commonwealth.

### Factual Allegations

6. In October, 2002, OE Plus and Arch entered into an agreement whereby Arch agreed to use OE Plus as their exclusive supplier for starters and alternators (the "Agreement"). Under the Agreement, Arch agreed to pay OE Plus upon receipt for all starters and alternators shipped to Arch, with a 5% discount allowed for all invoices paid by Arch by the 10th day of the month following the month of shipment.

7. As part of the Agreement, OE Plus agreed to accept return of certain excess cores from Arch and to provide Arch with certain credits (for stock adjustments and other changeover related purposes agreed to by the parties), with the understanding that such credits would be issued over an extended period of time as a certain declining percentage of the payments received on a periodic basis by OE Plus from Arch. OE Plus' agreement to accept such returns, provide such credits and to incur other changeover related costs was upon the parties' understanding that OE Plus would be Arch's exclusive supplier of starters and alternators for at least two years after all such declining percentage credits had been issued (the "Exclusivity Period").

8. OE Plus incurred changeover-related costs in excess of $250,000 with the understanding that Arch would order starters and alternators from OE Plus only during the Exclusivity Period.

9. Cores are old, non-functioning starters and alternators that are the raw material of the manufacturer. A manufacturer such as OE Plus charges their customers what is called a "core charge" when the customer purchases a product. When the customer sells the product to their customer, they accept a return of an equal core (the old non-working starter or alternator). When that core is returned to the manufacturer, in their box, and is verified to be the manufacturer's product, the manufacturer issues a credit to the customer in the amount of the core charge.

10. The parties agreed that on an ongoing basis OE Plus would issue credits to Arch for cores returned by Arch that resulted from sales by Arch of OE Plus products. In order to qualify for such credits, Arch was required to return the cores in the OE Plus boxes associated with such sales, which boxes bore OE Plus proprietary UPC codes.

11. In January, 2004, OE Plus personnel discovered that Arch had been returning cores and receiving credit from OE Plus under fraudulent circumstances. Specifically, Arch had fraudulently duplicated OE Plus proprietary UPC codes to give the appearance that the cores being returned were associated with sales by Arch of OE Plus products, when in fact such cores were unrelated to sales of OE Plus products.

12. On information and belief, Lee and Bodh had knowledge of, and actively participated, in Arch's fraudulent returns of cores to OE Plus.

13. By the time OE Plus personnel discovered Arch's fraudulent conduct, it had already suffered many thousands of dollars in damages resulting from Arch's fraudulent return of cores. Specifically, OE Plus overcredited Arch the amount of $102,863.00 from the fraudulent return of cores that were unrelated to sales of OE Plus products. When the fraud was

discovered, OE Plus immediately demanded that Arch cease making such fraudulent returns and compensate OE Plus for damages it had suffered as a result of the fraud.

14. To this date, Arch has failed and refused to compensate OE Plus for such damages. Moreover, during 2004, Arch continued to try to seek credits for cores that were unrelated to sales by Arch of OE Plus products.

15. During 2004, OE Plus shipped products to Arch for which Arch did not pay. The outstanding accounts receivable balance for goods shipped to Arch by OE Plus during 2004 is $112,318.07.

16. In or around January of 2005, Arch stopped ordering starters and alternators from OE Plus in breach of their agreement to use OE Plus as their exclusive supplier of starters and alternators during the Exclusivity Period.

17. As a result of Arch's, Lee's and Bodh's conduct, OE Plus has suffered damages, including but not limited to, the amount of unpaid products, overcredited cores, and lost future profits.

## COUNT I
(Breach of contract against Arch)

18. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 17 of the Complaint as fully set forth herein.

19. OE Plus and Arch, for good and valuable consideration, entered into the Agreement.

20. OE Plus fulfilled all of its obligations under the Agreement.

21. Arch has breached the Agreement by, among other things, neglecting, failing and refusing to pay to OE Plus for products shipped to Arch pursuant to the Agreement and to order products from OE Plus during the Exclusivity Period.

22.  OE Plus has suffered damages as a result of Arch's breach of the Agreement.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendant Arch Auto Parts Corporation in the amount of $112,318.07, plus future loss profits, interest and costs.

## COUNT II
(Breach of the covenant of good faith and fair dealing against Arch)

23.  OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 of the Complaint as fully set forth herein.

24.  There is implied in every contract an obligation that the parties deal with each other fairly and with good faith in the performance of their respective obligations.

25.  By its conduct as aforesaid, Arch has breached the covenant of good faith and fair dealing.

26.  As a direct and proximate result of Arch's conduct, OE Plus has sustained substantial harm and damage.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendant Arch Auto Parts Corporation, in an amount to be determined, plus interest and costs.

## COUNT III
(Quantum Meruit against Arch)

27.  OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28.  OE Plus shipped goods to Arch.

29.  The reasonable value of those goods, unpaid to date, is $112,318.07.

WHEREFORE, plaintiff OE Plus Ltd. demands judgment against defendant Arch Auto Parts Corporation in the amount of $112,318.07 plus interest and costs.

## COUNT IV
(Goods Sold and Delivered against Arch)

30. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 20 of the Complaint as though fully set forth herein.

31. Arch owes OE Plus $112,318.07 for goods sold and delivered by OE Plus to Arch between January 1, 2004 and December 31, 2004.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendant Arch Auto Parts Corporation in the amount of $112,318.07 plus interest and costs.

## COUNT V
(Quantum Meruit against Arch)

32. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. OE Plus conferred a measurable benefit upon Arch, *to wit*, OE Plus incurred changeover-related costs benefiting Arch in excess of $250,000.

34. OE Plus had the reasonable expectation that it would incur such changeover-related costs in exchange for Arch's agreement that OE Plus would be Arch's exclusive supplier of starters and alternators during the Exclusivity Period.

35. Arch knowingly accepted the benefit of OE Plus' expenditures of changeover related costs but refused, neglected or failed to order starters and alternators from OE Plus during the Exclusivity Period. Arch has been unjustly enriched thereby.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendant Auto Arch Parts Corporation in an amount to be determined, plus interest and costs.

## COUNT VI
(Fraud against Arch, Lee and Bodh)

36. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Arch, Lee and Bodh knowingly and willfully duplicated OE Plus proprietary UPC codes to give the appearance that the cores being returned were associated with sales by Arch of OE Plus products, when in fact such cores were unrelated to sales of OE Plus products.

38. Arch, Lee and Bodh misrepresented that the cores being returned to OE Plus were associated with sales by Arch of OE Plus to induce OE Plus to issue credits to Arch and they knew that OE Plus would rely on such representations in issuing credits to Arch.

39. OE Plus in fact gave Arch credits in the amount of $102,863.00 in reasonable reliance of Arch's, Lee's and Bodh's misrepresentation that the cores being returned were associated with sales by Arch of OE Plus products.

40. As a result of Arch's, Lee's and Bodh's fraudulent misrepresentations, OE Plus has suffered damages in the amount of $102,863.00.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendants Arch Auto Parts Corporation, Michael Lee and Christopher Bodh in the amount of $102,863.00 plus interest and costs.

## COUNT VII
(Negligent misrepresentation against Arch, Lee and Bodh)

41. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Arch, Lee and Bodh misrepresented that the cores being returned to OE were associated with sales by Arch of OE Plus to induce OE Plus to issue credits to Arch and they knew that OE Plus would rely on such representations in issuing credits to Arch.

-7-

43. Arch, Lee and Bodh should have known that their representations were not true at the time that they were made.

44. As a result of Arch's, Lee's and Bodh's negligent misrepresentation, OE Plus has suffered damages in the amount of $102,863.00.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendants Arch Auto Parts Corporation, Michael Lee and Christopher Bodh in the amount of $102,863.00 plus interest and costs.

## COUNT VIII
(Breach of M.G.L. c. 93A against Arch, Lee and Bodh)

45. OE Plus repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. OE Plus, Arch, Lee and Bodh are engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, Section 11.

47. The acts material to this claim occurred primarily and substantially within the Commonwealth of Massachusetts.

48. The acts of Arch, Lee and Bodh as detailed above constitute unfair and deceptive acts or practices in violation of M.G.L. c. 93A, Section 11.

49. The actions of Arch, Lee and Bodh detailed above were taken willfully and knowingly.

50. As result of the actions of Arch, Lee and Bodh detailed above, OE Plus has suffered damages in a total amount to be determined, plus interest, attorneys' fees and costs.

WHEREFORE, plaintiff OE Plus, Ltd. demands judgment against defendants Arch Auto Parts Corporation, Michael Lee and Christopher Bodh in an amount to be determined for actual damages, consequential damages, treble damages, plus interest, attorneys' fees and costs.

BO1 15700144.1 / 35276-000002

## RELIEF REQUESTED

WHEREFORE, plaintiff OE Plus, Ltd. prays as follows:

1. For judgment against defendant Arch Auto Parts Corporation, in accordance with Count I, for breach of contract, in an amount to be determined, plus loss profits, interest and costs;

2. For judgment against defendant Arch Auto Parts Corporation, in accordance with Count II, for breach of the covenant of good faith and fair dealing, for actual and consequential damages, plus interest and costs;

3. For judgment against defendant Arch Auto Parts Corporation, in accordance with Count III, for quantum meruit, in the amount of $112,318.07 plus interest and costs;

4. For judgment against defendant Arch Auto Parts Corporation, in accordance with Count IV, for goods sold and delivered, in the amount of $112,318.07 plus interest and costs;

5. For judgment against defendant Arch Auto Parts Corporation, in accordance with Count V, for quantum meruit, in an amount to be determined, plus interest and costs;

6. For judgment against defendants Arch Auto Parts Corporation, Michael Lee, and Christopher Bodh, in accordance with Count VI, for fraud, in the amount of $102,863.00 plus interest and costs;

7. For judgment against defendants Arch Auto Parts Corporation, Michael Lee and Christopher Bodh, in accordance with Count VII, for negligent misrepresentation, in the amount of $102,863.00 plus interest and costs;

8. For judgment against defendants Arch Auto Parts Corporation, Michael Lee and Christopher Bodh, in accordance with Count VIII, for breach of M.G.L. c. 93A, for actual damages, consequential damages, treble damages, plus interest, costs, and attorney's fees;

9. For such other relief as this Court deems just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

OE PLUS, LTD.

By its attorneys,

*/s/ Kevin J. Lesinski*
Kevin J. Lesinski (BBO #554140)
Heidsha Batista (BBO #655263)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

Dated: March 16, 2005

-10-