UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***************************************************
                                                   *
OE PLUS, LTD.,                                     *
                    Plaintiff                      *
                                                   *
          v.                                       *
                                                   *   C.A. NO. 05-10723 NMG
                                                   *
ARCH AUTO PARTS CORPORATION,                       *
MICHAEL LEE and CHRISTOPHER BODH                   *
                    Defendants                     *
                                                   *
                                                   *
***************************************************
```

## DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY

The Defendants, Arch Auto Parts Corporation, Michael Lee and Christopher Bodh ("Defendants"), hereby move this Court, on an Emergency basis, to stay all discovery by sixty (60) days, or by such other reasonable time as the Court may permit, on the grounds that the deadline for the Defendants to respond to written discovery served by the Plaintiff is August 25, 2005, that the Defendants intend to file a motion to dismiss for lack of personal jurisdiction by September 9, 2005, that the Defendants expect to prevail on their motion to dismiss, and as a result, all discovery served upon the Defendants would be moot.

As grounds for its Emergency Motion, the Defendants state as follows:

1. The Plaintiff commenced this action against the Defendants in the State Court for the Commonwealth of Massachusetts for, among other things, breach of contract.

2. The Defendants, which are a corporation and two individuals from the State of New York, removed this action to this Court, and thereafter, filed their Answers, asserting various affirmative defenses, including that of lack of personal jurisdiction.

3.  On July 19, 2005, the Court held a Scheduling Conference, at which time the Court entered an Order establishing the usual case deadlines, including September 30, 2005, as the deadline for the parties to serve written discovery, and January 31, 2006, as the deadline for the filing of dispositve motions.[1]

4.  On July 19, 2005, prior to the Scheduling Conference, the Plaintiff served in hand upon the Defendants its First Requests for Production of Documents and Interrogatories for each of the three Defendants, and two Deposition Notices for defendants Lee and Bodh.

5.  The current deadline for the Defendants to respond to the Plaintiff's written discovery is August 25, 2005. The current deadline was extended by the Plaintiff for one week by agreement.

6.  The Plaintiff's depositions of Mr. Lee and Mr. Bodh are scheduled for September 12 and 13, 2005, in Boston.

7.  Since being served with discovery, the Defendants have extensively reviewed and considered their legal basis for dismissal of this action based on lack of personal jurisdiction, while at the same time working to complete their automatic disclosures [2], and engaging in settlement discussion with the Plaintiff.

8.  Since the prospect of settlement now appears unlikely, the Defendants intend to file a motion to dismiss for lack of personal jurisdiction on or before September 9, 2005. The Defendants expect that they will prevail on their motion to dismiss, as the motion will demonstrate that the Defendants neither had minimum contacts with the Commonwealth of Massachusetts, nor committed a tort in the Commonwealth. A successful motion to

---

[1] The parties sought an extended period of time for discovery in their Rule 16 Joint Statement filed with the Court.

[2] The parties have agreed to extend the time to serve their automatic disclosures.

dismiss would obviate the need and expense related to Defendants having to respond to written discovery, to travel from New York to appear for the scheduled depositions, and to commence their own discovery.

9. Despite the Plaintiff's request, the Defendants have not received from the Plaintiff its assent to a request for a stay of all discovery pending the filing of the Defendants' motion to dismiss. Since the Defendants' motion to dismiss will be filed after the August 25, 2005 deadline to serve responses to the Plaintiff's written discovery, and because the Defendants seek to preserve their right to object to the discovery propounded upon them, the Defendants seek emergency relief from the Court in the form of a stay of the pending discovery, or a protective order, as necessary, served upon the Defendants.

10. The Defendants seek a stay of the discovery for an appropriate amount of time, to allow for the filing of the motion to dismiss by September 9, 2005, for the filing of oppositions, for oral argument on the motion and for a ruling thereon.

11. The Defendants maintain that the Plaintiff will suffer no prejudice from the granting of the requested relief, as the case is relatively young and the Plaintiff will not be precluded from getting their discovery if the Court were to deny the Defendants' motion to dismiss. **WHEREFORE**, the Defendants pray that this Court enter an Order:

1. Staying all discovery as of August 25, 2005, including depositions, for a period of sixty days, or such other date this Court should permit to allow for the filing of a motion to dismiss by September 9, 2005, for the filing of oppositions, for the scheduling of oral argument and for a ruling thereon;

2. Allowing the Defendants fourteen days, or such other reasonable time, to respond to the

Plaintiff's pending discovery in the event that the Defendants' motion to dismiss may be denied; and

3. Allowing such other relief as this Honorable Court deems just and equitable.

          Respectfully submitted,
          ARCH AUTO PARTS CORPORATION,
          MICHAEL LEE and CHRISTOPHER BODH

          By its attorneys,
          Cohn & Dussi, LLC,

          /s/ Michael H. Theodore
          Lewis J. Cohn, Esq.  BBO#553803
          Michael H. Theodore, Esq., BBO#565098
          25 Burlington Mall Rd, 6th Floor
          Burlington, MA 01803
          (781) 494-0200

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that prior to the filing of the foregoing Motion, he has conferred or attempted to confer with opposing counsel in a good faith attempt to resolve or narrow the issues related to said Motion.

          /s/ Michael H. Theodore
          Michael H. Theodore, Esquire

CERTIFICATE OF SERVICE

    I, Michael H. Theodore, hereby certify that on this 24th day of August, 2005, I served upon counsel of record by first class mail, postage pre-paid, or by electronic filing, a true and accurate copy of the foregoing Motion.

    /s/ Michael H. Theodore
    Michael H. Theodore