**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OE PLUS, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-10723 NMG |
| ) | |
| ARCH AUTO PARTS CORPORATION, ) | |
| MICHAEL LEE and ) | |
| CHRISTOPHER BODH ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**EMERGENCY MOTION TO STAY DISCOVERY**

Plaintiff OE Plus, Ltd. ("OE Plus") hereby opposes the Defendants' Emergency Motion to Stay Discovery, whereby the Defendants request a stay of discovery until the resolution of a motion to dismiss for lack of personal jurisdiction -- a motion which has not yet even been filed. The Defendants' request for a stay of discovery is nothing more than another baseless attempt to delay this litigation. The discovery requests which Defendants seek to avoid answering include detailed requests about Defendants' contacts with Massachusetts – issues which would be relevant to any motion to dismiss brought for an alleged lack of personal jurisdiction. Moreover, because there is no likelihood that the Defendants would prevail in such a motion to dismiss, this Court should deny the Defendants' Emergency Motion to Stay Discovery.

FACTUAL AND PROCEDURAL BACKGROUND

1. OE Plus began this action on March 16, 2005 in Massachusetts Superior Court, Bristol County, alleging counts of breach of contract, breach of the covenant of good faith and

fair dealing, quantum meruit, fraud, negligent misrepresentation, and unfair and deceptive acts or practices against the Defendants.

    2.      The Complaint was properly served on all Defendants on March 24, 2005.

    3.      On April 12, 2005, the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446. Under the Federal Rules of Civil Procedure, the Defendants Answer to the Complaint was due on or before April 19, 2005. *See* Fed. R. Civ. P. 81(c) ("In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the complaint . . . or within 5 days after the filing of the petition for removal, whichever is longest"); *see also* Fed. R. Civ. P. 6(a) (when the period of time prescribed by the rules is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation).

    4.      Defendant Arch Auto Parts Corporation filed its answer on May 5, 2005, 16 days after its answer was due under the Rules.

    5.      Defendants Christopher Bodh and Michael Lee filed their answer on May 19, 2005, a month after their answer was due under the Rules.

    6.      On July 19, 2005, this Court held the Scheduling Conference in this case and set deadlines for the completion of discovery, the filing of dispositive motions and set a date for trial. The parties had agreed to these dates in advance of the Scheduling Conference.

    7.      Also on July 19, 2005, OE Plus served on the Defendants interrogatories and requests for production of documents and deposition notices for Defendants Bodh and Lee. All of those discovery requests were hand delivered upon Defendants' counsel before the July 19 Scheduling Conference at which Defendants' counsel agreed to the current discovery schedule.

Under the Rules, the answers to discovery were due on August 18, 2005. However, out of professional courtesy, counsel for OE Plus agreed to an extension of the time the Defendants had to respond to the discovery requests until August 25, 2005.[1]

8. OE Plus' interrogatories and requests for production of documents to the Defendants include requests for information that would be directly relevant to the determination of whether this Court has personal jurisdiction over the Defendants. A true and accurate copy of OE Plus' Interrogatories to Defendant Arch Auto Parts Corporation is attached hereto as **Exhibit A**, and a true and accurate copy of OE Plus' Requests for Production of Documents to Defendant Arch Auto Parts Corporation is attached hereto as **Exhibit B**. The attached discovery requests are very similar to the interrogatories and requests for production of documents that were served on defendants Michael Lee and Christopher Bodh.

9. Defendants now state that they intend to file a motion to dismiss this case for lack of personal jurisdiction "on or before September 9, 2005." Defendants ask this Court to grant a stay of all discovery for a period of sixty days or such other date this Court should permit to allow for a ruling on a motion to dismiss. For the reasons set forth below, the Defendants' Motion should be denied.

ARGUMENT

I. **The Defendants' request for a stay is an attempt to delay the litigation.**

The Defendants' request for a stay of discovery should be denied because it is an attempt to delay this litigation. First, they make this request based on a motion to dismiss that they have

---

[1] The one-week extension was granted in a telephone conversation between counsel for OE Plus, Kevin Lesinski, and the Defendants' counsel, Michael Theodore, shortly before the time was to expire for Defendants to respond to OE Plus' discovery requests. During that conversation, Defendant's counsel did not disclose to OE Plus's counsel that he would be seeking a stay of discovery within a few days. Defendants' counsel's action under these circumstances is an abuse of the professional courtesy given to him in this instance by OE Plus' counsel.

not yet filed; they merely state that they intend to file such a motion in the future. This Court has already held a scheduling conference and entered an order regarding discovery and other deadlines, based on dates that the parties had all agreed to follow. In addition, Defendants wait until the day before their responses to discovery are due (and after the Plaintiff had already agreed to an extension of the time to respond to discovery) to file this motion. Defendants cite no authority that would support the granting of the relief they seek at this late point in the game.

## II. The Defendants are not likely to succeed on the merits of a motion to dismiss for lack of personal jurisdiction.

More importantly, the Defendants' motion should be denied because there is no likelihood that they will prevail on a motion to dismiss based on lack of personal jurisdiction. Defendants have waived any lack of personal jurisdiction defense in this case.

The defense of lack of personal jurisdiction is waived unless it is included in the answer or made by motion under Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(h)(1). Whether by answer or by motion, a defendant must assert the lack of personal jurisdiction within the time allowed to answer the complaint or the defense is waived. *Id.*; *Tuckman v. Aerosonic Corp.*, 394 A.2d 226, 233 (Del. Ch. 1978) citing *Alger v. Hayes*, 452 F.2d 841 (8th Cir. 1972) (because a defendant has twenty days to answer or file a motion to dismiss under the rules of civil procedure, it only has twenty days to raise the defense of lack of personal jurisdiction or the defense is deemed waived); *Stonington Partners, Inc. v. Lernout & Hauspie Speech Products*, 2003 WL 21555325 (Del. Ch. 2003) (same). Because the Defendants did not file their answer until long after the time prescribed by the Rules, they waived the defense of lack of personal jurisdiction (as well as any of the other defenses under Rule 12(h)(1)). *See also Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 298-99 (S.D. Texas 1967) (defendant, in

4

allowing the case to proceed to default, although a default judgment was not entered, waived its right to assert Rule 12(b) defense).

Even if the Defendants had not waived the defense, this Court does have personal jurisdiction over the Defendants. The Defendants have been doing business with OE Plus, a Massachusetts corporation, for years, and this cause of action arises out of that relationship. Further, one of the basis for personal jurisdiction under the Massachusetts Long Arm Statute is conduct that caused the Plaintiff "tortious injury by an act or omission in this commonwealth." M.G.L.A. c. 223A, § 3A. In the Complaint, the Plaintiff alleges that the Defendants knowingly and intentionally duplicated OE Plus' UPC codes and sent them to OE Plus in Massachusetts to induce OE Plus to issue credits to them in an amount in excess of $100,000. This Court may exercise personal jurisdiction over the Defendants based on this conduct. *See Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972) ("where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state"); *see also Home Owners Funding Corp. of America v. Century Bank*, 695 F. Supp. 1343, 1345 (D. Mass. 1988) ("the law is settled that, in a multi-count complaint, if a court has personal jurisdiction over the defendant with respect to one count, it has personal jurisdiction over the defendant with respect to all counts").

Because, as shown above, the Defendants are not likely to succeed in a motion to dismiss based on lack of personal jurisdiction, this Court should deny their request for a stay of discovery. *See Kleinerman v. U.S. Postal Service*, 100 F.R.D. 66, 68 (D. Mass. 1983) (defendant's unsupported allegations of lack of personal jurisdiction cannot serve as a basis for granting a stay of discovery; "if mere bald assertions of jurisdictional infirmity controlled when a

defendant was subject to discovery orders, much of the discovery in federal courts would come to a grinding halt without the necessary assurances that the delay was truly warranted").

### III. The discovery sought by the Plaintiff is directly relevant to the issue of personal jurisdiction.

Plaintiff's interrogatories and requests for production of documents seek information that is directly relevant to the issue of personal jurisdiction over the defendants. For example, the interrogatories ask the Defendants whether they have transacted business in Massachusetts, contracted with Massachusetts entities, solicited Massachusetts residents, or derived revenues from goods used or consumed in Massachusetts. In addition, the interrogatories and requests for production of documents seek information related to other matters that may be relevant in determining whether this Court has specific jurisdiction over the Defendants, such as the communications between the parties. This information will uncover such things as where the negotiations of the parties took place, who initiated these negotiations, and the like, all of which are relevant to determining whether this Court has personal jurisdiction over the Defendants. Therefore, the Court should not stay the discovery in this case, and the Defendants should be ordered to produce such information as required by the Rules of Civil Procedure.

BO1 15733399.1 / 35276-000002

CONCLUSION

For the foregoing reasons, plaintiff OE Plus, Ltd. requests that this Court deny the Defendants' Emergency Motion to Stay Discovery.

OE PLUS, LTD.

By its attorneys,

 /s/ Heidsha Sheldon
Kevin J. Lesinski (BBO #554140)
Heidsha Sheldon (BBO #655263)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated:  August 26, 2005

**Certificate of Service**

I, Heidsha Sheldon, hereby certify that on August 26, 2005, I caused a true and accurate copy of the within document to be served by first class mail on Michael H. Theodore, Cohn & Dussi, LLC, 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

 /s/  Heidsha Sheldon
Heidsha Sheldon

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OE PLUS, LTD.<br><br>     Plaintiff,<br><br>vs.<br><br>ARCH AUTO PARTS CORPORATION,<br>MICHAEL LEE and<br>CHRISTOPHER BODH<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05-10723 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### OE PLUS, LTD.'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT ARCH AUTO PARTS CORPORATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff OE Plus, Ltd. ("OE Plus") requests that defendant Arch Auto Parts Corporation ("Arch Auto"), answer the following interrogatories, under oath, according to the following definitions and instructions:

### DEFINITIONS AND INSTRUCTIONS

1. This request requires supplemental responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Except where the context does not permit, (i) the words "and" and "or" shall be construed to mean "and/or"; (ii) words used in the singular shall be deemed to include the plural; and (iii) words used in the plural shall be deemed to include the singular.

3. The term "person" means any natural person or any business, legal, or governmental entity or association, and shall be deemed to include the person's employees, agents, attorneys, and representatives.

4. The terms "OE Plus" and "Plaintiff" shall refer to the plaintiff OE Plus, Ltd. and any of its employees, officers, directors, agents, attorneys, representatives, and other persons acting for or on its behalf.

5. The term "Complaint" shall refer to the Complaint filed by OE Plus in this action.

6. The terms "Arch Auto," "you," "your," and "yours" shall refer to the defendant Arch Auto Parts Corporation and any of its employees, officers, directors, agents, attorneys, representatives, and other persons acting for or on its behalf.

7. The term "Lee" shall refer to the defendant Michael Lee and any of his employees, agents, attorneys, representatives, and other persons acting for or on his behalf.

8. The term "Bodh" shall refer to the defendant Christopher Bodh and any of his employees, agents, attorneys, representatives, and other persons acting for or on his behalf.

9. The term "Agreement" shall refer to the agreement entered into by OE Plus and Arch Auto in October, 2002 and referenced in paragraph 6 of the Complaint.

10. The term "Core(s)" shall refer to old, non-functioning starters and alternators that are the raw material of the manufacturer and referenced in paragraph 9 of the Complaint.

11. The term "Exclusivity Period" shall refer to the two years after all declining percentage credits were issued by OE Plus to Arch Auto pursuant to the Agreement, during which time OE Plus would be Arch Auto's exclusive supplier of starters and alternators, and referenced in paragraph 7 of the Complaint.

12. The word "identify,"

    a. when used in reference to an individual means to state his or her full name, present or last known address, and occupation, if any;

    b. when used in reference to a corporation, means to state its full name and principle place of business;

    c.      when used in reference to a person other than an individual or corporation, means to state its official name and address;

    d.      when used in reference to a document (for example reports, synopses of interviews, internal memoranda, tape recordings, and the like) means to state the date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished; and

    e.      When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct mean to set forth the event or events constituting each act, its location, the date and persons participating, present, or involved, and the documents relating or referring in any way thereto.

13.    "State the basis" means:

    a.      state separately each and every fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory;

    b.      identify each and every document and, where pertinent, the section, article, or subparagraph thereof, which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to in the interrogatory;

    c.      identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d.      state separately the acts or omissions to act on the part of any person, identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved, which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory.

14.    If any interrogatory requires information that you claim to be privileged in any respect, then in lieu of your answer to the interrogatory or a portion thereof to which you have objected, and after stating your objection, please state and identify:

    a.      the nature of the privilege on which the objection is based;

    b.      the factual basis for the claim of privilege;

    c.      the identity of each alleged privileged document, if any;

    d.     the identity of each person who was present or otherwise received the alleged privileged communication;

    e.     when and where the alleged privileged communication occurred; and

    f.     the general subject matter of the alleged privileged communication.

## INTERROGATORIES

1. Identify the person(s) responding to these Interrogatories.

2. Identify all persons who assisted in the preparation of Arch Auto's responses to these Interrogatories.

3. Identify all persons with knowledge of facts relevant to the subject matter of this action and, for each such person, provide a summary of the facts that each such person possesses.

4. Describe, in detail, all communications between Arch Auto, Bodh or Lee and OE Plus.

5. For every such communication identified in response to Interrogatory No. 4 above, identify the place where each such communication took place.

6. Describe, in detail, all communications between Arch Auto and any other person regarding the return of Cores to OE Plus for credit. This request includes, but is not limited to, internal communications within Arch Auto.

7. For every such communication identified in response to Interrogatory No. 6 above, identify the place where each such communication took place.

8. Identify all persons within Arch Auto involved in the process of returning Cores to OE Plus for credit.

9. State the basis for your denial of the allegations in paragraph 37 of the Complaint that "Arch, Lee and Bodh knowingly and willfully duplicated OE Plus proprietary UPC codes to

give the appearance that the cores being returned were associated with sales by Arch of OE Plus products, when in fact such cores were unrelated to sales of OE Plus products."

10. State the basis for your denial of the allegations in paragraph 38 of the Complaint that "Arch, Lee and Bodh misrepresented that the cores being returned to OE Plus were associated with sales by Arch of OE Plus to induce OE Plus to issue credits to Arch and they knew that OE Plus would rely on such representations in issuing credits to Arch.

11. State the basis for your denial of the allegations in paragraph 39 of the Complaint that "OE Plus in fact gave Arch credits in the amount of $102,863.00 in reasonable reliance of Arch's, Lee's and Bodh's misrepresentation that the cores being returned were associated with sales by Arch of OE Plus products."

12. Do you contend that Arch Auto has paid OE Plus for all goods shipped by OE Plus to Arch Auto?

13. State the basis for your answer to Interrogatory No. 12 and identify all documents supporting your answer.

14. Do you contend that there was no Exclusivity Period under the Agreement?

15. State the basis for your answer to Interrogatory No. 14 and identify all documents supporting your answer.

16. Did you order starters and alternators from manufacturers other than OE Plus at any time from October, 2002 to the present? If your answer to this Interrogatory is in the affirmative, please state:

    a. the product(s) ordered;

    b. the manufacturer(s) from whom you ordered the products;

    c. the date(s) of the order(s);

      d.    the price you paid for each product.

17.    Have you ever transacted business in Massachusetts or with a Massachusetts person? If so, please state:

      a.    the person(s) you have transacted business with in Massachusetts;

      b.    the date(s) of the transaction; and

      c.    the nature and purpose of the transaction.

18.    Have you ever contracted to supply services or things in Massachusetts? If so, please state:

      a.    the person(s) you contracted with or supplied services or things to;

      b.    the date(s) when you supplied services or things in Massachusetts; and

      c.    the nature of the goods or services supplied in Massachusetts.

19.    Do you solicit business from Massachusetts residents or direct advertisement at Massachusetts residents? If your answer is in the affirmative, please describe your efforts to solicit business from Massachusetts residents or to direct advertisement at Massachusetts residents, including but not limited to, the medium(s) by which you solicit business or direct advertisement to Massachusetts residents and the date(s) of such efforts.

20.    Do you derive revenues from goods used or consumed or services rendered in Massachusetts? If so, please state:

      a.    the amount of revenues derived from goods used or consumed or services rendered in Massachusetts; and

      b.    the nature of the goods or services from which you derive revenue.

21. With reference to each person or persons whom Arch Auto intends to call as an expert witness at the trial of this matter, please state:

    a. each such expert's name, address, and occupation;

    b. the subject matter upon which each such expert is expected to testify;

    c. the substance of the facts and opinions to which each such expert is expected to testify; and

    d. a summary of the grounds for each opinion of each such expert.

22. Identify each and every document reviewed or consulted in connection with the preparation of responses to Interrogatories 1 through 21 above.

OE PLUS, LTD.

By its attorneys,

*Kevin J. Lesinski*
Kevin J. Lesinski (BBO #554140)
Heidsha Batista (BBO #655263)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

Dated: July 19, 2005

### Certificate of Service

I, Kevin J. Lesinski, hereby certify that on July 19, 2005, I caused a true and accurate copy of the within document to be served by hand delivery on Michael H. Theodore, Cohn & Dussi, LLC, 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

*Kevin J. Lesinski*
Kevin J. Lesinski

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OE PLUS, LTD.<br><br>               Plaintiff,<br><br>vs.<br><br>ARCH AUTO PARTS CORPORATION,<br>MICHAEL LEE and<br>CHRISTOPHER BODH<br><br>               Defendants. | Case No. 05-10723 NMG |

### OE PLUS, LTD.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ARCH AUTO PARTS CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff OE Plus, Ltd. ("OE Plus"), hereby requests that the defendant, Arch Auto Parts Corporation ("Arch Auto"), produce all documents requested below in its possession, custody or control or in the possession, custody or control of any of his affiliates, representatives, agents, or employees, for inspection and copying at the offices of the plaintiff's attorneys, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210 within the time allowed by the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1. This request requires supplemental responses and production to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Except where the context does not permit, (i) the words "and" and "or" shall be construed to mean "and/or"; (ii) words used in the singular shall be deemed to include the plural; and (iii) words used in the plural shall be deemed to include the singular.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "document" means the originals, all identical and non-identical copies, and all drafts or preliminary versions of written, printed, typed, graphic, photographic, electronically or mechanically recorded matter, of any kind or nature, however produced or reproduced; including, without limitation, any books, pamphlets, letters or other forms of correspondence, telegrams, telexes, cables, reports, studies, memoranda, notes, diary entries, log entries, telephone memoranda, summaries, financial records, writings, scribblings, invoices, bills, receipts, return receipts, canceled checks, ledgers, accounts, books of account, statements, invoices for credit, credit statements, credits, debits, tape recordings, videotape recordings, motion picture films, films, photographs (including negatives and prints), blueprints, specifications, charts, diagrams, drawings, sketches, computer records, e-mails (whether or not deleted), documents backed up from software systems, whether in tape, disk or other machine readable format, and any other method, means or manner used to preserve information, data or entries on computers or other electronic date systems, and all other writings and documents of any nature.

5. The term "concerning" means referring to, describing, evidencing or constituting.

6. The term "person" means any natural person or any business, legal, or governmental entity or association, and shall be deemed to include the person's employees, agents, attorneys, and representatives.

7. The terms "OE Plus" and "Plaintiff" shall refer to the plaintiff OE Plus, Ltd. and any of its employees, officers, directors, agents, attorneys, representatives, and other persons acting for or on its behalf.

8. The term "Complaint" shall refer to the Complaint filed by OE Plus in this action.

9. The terms "Arch Auto," "you," "your," and "yours" shall refer to the defendant Arch Auto Parts Corporation and any of its employees, officers, directors, agents, attorneys, representatives, and other persons acting for or on its behalf.

10. The term "Lee" shall refer to the defendant Michael Lee and any of his employees, agents, attorneys, representatives, and other persons acting for or on his behalf.

11. The term "Bodh" shall refer to the defendant Christopher Bodh and any of his employees, agents, attorneys, representatives, and other persons acting for or on his behalf.

12. The term "Agreement" shall refer to the agreement entered into by OE Plus and Arch Auto in October, 2002 and referenced in paragraph 6 of the Complaint.

13. The term "Core(s)" shall refer to old, non-functioning starters and alternators that are the raw material of the manufacturer and referenced in paragraph 9 of the Complaint.

14. If Arch Auto claims that the attorney-client privilege or any other privilege is applicable to any of the documents requested, it shall with respect to each such document:

    a. State the date of the document;

    b. State the title of the document;

    c. State the nature of the document;

    d. State the subject matter of the document;

    e. Identify each and every author of the document;

    f. Identify each and every person who received the document;

    g. Identify each and every person from whom the document was received;

    h. State the present location of the document and all identical and non-identical copies thereof;

      i.      Identify each and every person having custody or control of the document and all copies thereof; and

      j.      State the ground upon which the claim of privilege is made and provide sufficient further information concerning the document and the circumstances thereof to permit the adjudication of the propriety of that claim.

15.     Unless otherwise specified, the time period covered by all requests is from January 1, 2002 to the present.

## DOCUMENT REQUESTS

1.     Any and all documents concerning the Agreement.

2.     Any and all documents concerning OE Plus.

3.     Any and all documents concerning matters that are the subject of this action.

4.     Any and all documents that memorialize, reflect or refer to communications between OE Plus and Arch Auto, Lee or Bodh.

5.     Any and all documents that memorialize, reflect or refer to communications between Arch Auto, Lee or Bodh and any other person regarding the return of Cores to OE Plus for credit. This request includes, but is not limited to, internal communications within Arch Auto.

6.     Any and all documents concerning Arch Auto's return of Cores to OE Plus for credit.

7.     Any copies of OE Plus proprietary UPC codes in the possession, custody or control of Arch Auto.

8.     Any and all documents that memorialize, reflect or refer to payments made by Arch Auto to OE Plus, including but not limited to, any and all invoices, statements, bills, cancelled checks, and receipts.

9.  Any and all documents concerning Arch Auto's orders of starters and alternators from any manufacturers other than OE Plus, including but not limited to, any and all purchase orders, invoices, statements, bills, cancelled checks and receipts.

10. Any and all documents that Arch Auto intends to admit or attempt to admit into evidence at trial.

11. All documents identified in Arch Auto's answers to the Interrogatories propounded by OE Plus.

OE PLUS, LTD.

By its attorneys,

*/s/ Kevin J. Lesinski*
Kevin J. Lesinski (BBO #554140)
Heidsha Batista (BBO #655263)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

Dated: July 19, 2005

### Certificate of Service

I, Kevin J. Lesinski, hereby certify that on July 19, 2005, I caused a true and accurate copy of the within document to be served by hand delivery on Michael H. Theodore, Cohn & Dussi, LLC, 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

*/s/ Kevin J. Lesinski*
Kevin J. Lesinski

BO1 15724080.1