UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***************************************************
                                                   *
OE PLUS, LTD.,                                     *
                    Plaintiff                      *
                                                   *
          v.                                       *
                                                   *   C.A. NO. 05-10723 NMG
                                                   *
ARCH AUTO PARTS CORPORATION,                       *
MICHAEL LEE and CHRISTOPHER BODH                   *
                    Defendants                     *
                                                   *
***************************************************
```

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO EMERGENCY MOTION TO STAY DISCOVERY

The Defendants, Arch Auto Parts Corporation, Michael Lee and Christopher Bodh ("Defendants"), by way of Reply to the Opposition of the Plaintiff to the Defendants' Emergency Motion to Stay Discovery, assert that as a matter of law, they have not waived their right to challenge personal jurisdiction, as the Plaintiff argues in its Opposition. In support of their Reply, the Defendants state as follows:

1. The Plaintiff, in its Opposition, argues that the Defendants have waived their right to challenge personal jurisdiction in this case by having filed an Answer as an initial pleading, rather than having brought a motion to dismiss as their initial response to the Complaint.

2. Contrary to the Plaintiff's contention, there is a plethora of legal precedent to support the Defendants' authority to file a motion to dismiss for lack of personal jurisdiction where, as here, they have preserved such defense in their initial Answers. First, a clear reading of Rule 12(h)(1) of the Federal Rules of Civil Procedure establishes that the Defendants have not waived their ability to file a motion to dismiss for lack of jurisdiction. Second, there is ample

case law interpreting FRCP 12 which supports the Defendants' position and negates the Plaintiff's waiver argument. *See*, *e.g.* *Manchester Knitted Fashions v. Amalgamated*, 967 F.2d 688 (1st Cir. 1992); *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983); *Roque v. United States*, 857 F.2d 20 (1st Cir. 1988).

    3. The legal authority cited above demonstrates that the Defendants, by having asserted lack of personal jurisdiction as an affirmative defense in their Answers, have preserved such defense for a later motion. Plaintiff's waiver argument has no merit and cannot be sustained in view of the procedural facts of this case.[1]

                                Respectfully submitted,
                                ARCH AUTO PARTS CORPORATION,
                                MICHAEL LEE and CHRISTOPHER BODH

                                By its attorneys,
                                Cohn & Dussi, LLC,

                                /s/ Michael H. Theodore
                                Lewis J. Cohn, Esq.  BBO#553803
                                Michael H. Theodore, Esq., BBO#565098
                                25 Burlington Mall Rd, 6th Floor
                                Burlington, MA 01803
                                (781) 494-0200

---

[1] It should be noted that at the Scheduling Conference, Defendants' counsel informed the Court that if the case could not be settled, the Defendants were considering a motion to dismiss for lack of jurisdiction. In response to such representation, Plaintiff's counsel boldly announced to the Court that Plaintiff would seek sanctions against the Defendants in the event that the Defendants filed a motion to dismiss.  In a later phone conversation with Defendants' counsel, however, Plaintiff's counsel acknowledged that his representation to the Court about moving for sanctions was inappropriate in light of the case law which he subsequently researched supporting the Defendants' position.

CERTIFICATE OF SERVICE

    I, Michael H. Theodore, hereby certify that on this 28th day of August, 2005, I served upon counsel of record by first class mail, postage pre-paid, or by electronic filing, a true and accurate copy of the foregoing Reply.

/s/ Michael H. Theodore
Michael H. Theodore