**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| OE PLUS, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-10723 NMG |
| ) | |
| ARCH AUTO PARTS CORPORATION, ) | |
| MICHAEL LEE and ) | |
| CHRISTOPHER BODH ) | |
| ) | |
| Defendants. ) | |

**OE PLUS, LTD.'S MOTION TO COMPEL ANSWERS**
**TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Plaintiff OE Plus, Ltd. ("OE Plus"), hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling the Defendants to immediately provide full and complete answers to all interrogatories contained in the First Set of Interrogatories served on them by OE Plus (the "Interrogatories") and to immediately produce all documents requested by OE Plus in its First Request for Production of Documents (the "Document Request"). As grounds for this Motion, OE Plus states as follows:

**FACTUAL BACKGROUND**

1.  On March 16, 2005, OE Plus brought this action against the Defendants, alleging counts of breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, fraud, negligent misrepresentation, and unfair and deceptive acts or practices.

2.  Defendant Arch Auto Parts Corporation filed its answer on May 5, 2005, 16 days after its answer was due under the Rules.

3.	Defendants Christopher Bodh and Michael Lee filed their answers on May 19, 2005, a month after their answer was due under the Rules.

4.	On July 19, 2005, this Court held the Scheduling Conference in this case and set deadlines for the completion of discovery, the filing of dispositive motions, and set a date for trial. The parties had agreed to these dates in advance of the Scheduling Conference. Counsel for both parties attended the Conference.

5.	On July 19, 2005, OE Plus served on the Defendants interrogatories and requests for production of documents and deposition notices for Defendants Bodh and Lee. All of those discovery requests were hand delivered upon Defendants' counsel before the July 19 Scheduling Conference. Under the Rules, the answers to discovery were due on August 18, 2005. However, out of professional courtesy, counsel for OE Plus agreed to an extension of the time the Defendants had to respond to the discovery requests until August 25, 2005.

6.	The Defendants have represented to this Court that they will file a motion to dismiss for lack of personal jurisdiction on or before September 9, 2005.[1] OE Plus' Interrogatories and Document Requests to the Defendants include requests for information that are relevant to the claims in this case as well as to the question of whether this Court has personal jurisdiction over the Defendants. For example, the Interrogatories ask the Defendants whether they have transacted business in Massachusetts, contracted with Massachusetts entities, solicited Massachusetts residents, or derived revenues from goods used or consumed in

---

[1] On August 24, 2005, one day before their responses to the Interrogatories and the Document Requests were due, the Defendants moved this Court for a stay of discovery pending their filing of a motion to dismiss and resolution by this court on the merits of the motion to dismiss. OE Plus filed an opposition to the motion for a stay of discovery. As more fully stated in OE Plus' Opposition to Motion for Stay of Discovery, the Defendants' request for a stay is no more than an attempt to delay this litigation. In any event, the Defendants have no likelihood of succeeding in a motion to dismiss because they have waived any lack of jurisdiction defense that they may have had in this case.

Massachusetts. In addition, the Interrogatories and Document Requests seek information related to other matters that may be relevant in determining whether this Court has specific jurisdiction over the Defendants, such as the communications between the parties. This information will uncover such things as where the negotiations of the parties took place, who initiated these negotiations, and the like, all of which are relevant to determining whether this Court has personal jurisdiction over the Defendants.

7. To this date, the Defendants have not objected or responded to OE Plus' Interrogatories or Requests.

## ARGUMENT

It is well established that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The philosophy underlying the rule is that "in the long run, it saves time and money, and leads to a more prompt and reasonable result, if the parties freely disclose to each other materials leading to an evaluation of their relative strengths and weaknesses." James W. Smith & Hiller B. Zobel, Massachusetts Practice: Rules Practice, § 34.2 (1975). "Modern instruments of discovery serve [the] useful purposes [of] . . . mak[ing] a trial . . . a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Defendants have served no answers to the Interrogatories or to the Document Requests, which are now overdue even after OE Plus' counsel granted the Defendants an

extension of the time to respond.  OE Plus' discovery requests are relevant, proper, and required for the prosecution of this case, which has already been pending for almost six months.

Moreover, OE Plus' Interrogatories and Document Requests seek information that is directly relevant to the issue of personal jurisdiction over the defendants.  As the Defendants represented to this Court that they will be filing a motion to dismiss on the grounds of lack of personal jurisdiction on or before September 9, 2005, OE Plus needs the information sought in its discovery requests to the Defendants to properly respond to such a motion.  This Court should order the Defendants to immediately answer the Interrogatories and to produce all documents responsive to the Document Requests in order to allow the Plaintiff to prepare an opposition to the Defendants' motion to dismiss.

Further, by failing to timely respond to OE Plus' Interrogatories and Document Requests, the Defendants have waived their right to assert objections to the Interrogatories and Document Requests.  *See Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3 (D. Mass. 1996) (failure to serve objections to discovery requests in a timely manner constitutes waiver of any objections); *Willard v. Constellation Fishing Corp.*, 136 F.R.D. 28, 31 (D. Mass. 1991) (same).  Accordingly, the Defendants are obligated to fully and completely answer *all* Interrogatories and to produce *all* documents sought in the Document Requests.

WHEREFORE, for the foregoing reasons, plaintiff OE Plus, Ltd. requests that this Court enter an order compelling the Defendants to immediately answer, fully and completely, all Interrogatories, and to produce all documents requested by OE Plus in its First Request for Production of Documents.

        OE PLUS, LTD.

        By its attorneys,

        /s/ Heidsha Sheldon
        Kevin J. Lesinski (BBO #554140)
        Heidsha Sheldon (BBO #655263)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:   (617) 946-4800
        Telecopier:   (617) 946-4801

Dated: September 9, 2005

### CERTIFICATION PURSUANT TO L.R. 7.1(A)(2)

Undersigned counsel hereby certifies that he attempted to confer with counsel for the Defendants and in good faith to resolve or narrow the issues raised in this motion.

        /s/ Kevin J. Lesinski
        Kevin J. Lesinski

### Certificate of Service

I, Heidsha Sheldon, hereby certify that on September 9, 2005, I caused a true and accurate copy of the within document to be served by first class mail on Michael H. Theodore, Cohn & Dussi, LLC, 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

        /s/ Heidsha Sheldon
        Heidsha Sheldon