

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
---------------------------------------------------------------X

OE PLUS, LTD.,

                Plaintiff,                       Case No. 05-10723 NMG

     -against-

ARCH AUTO PARTS CORPORATION AND
MICHAEL LEE AND CHRISTOPHER BODH,

                Defendants,
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

This Memorandum of Law ("Memorandum") is submitted in support of the Defendants' Motion (the "Motion") for an Order: (i) pursuant to F.R.C.P. Rule 12(b)(2) dismissing each of the causes of action asserted by the Plaintiff, OE PLUS, LTD. (the "Plaintiff") in its Complaint dated March 16, 2005 for, *inter alia*, lack of personal jurisdiction; or alternatively, (ii) transferring venue from this Court to the United States District Court for the Eastern District of New York; or alternatively, (iii) allowing the Defendant Arch Auto Parts Corporation to file an Amended Answer and Counterclaim in the form annexed to the Affidavit of Michael H. Theodore.

## STATEMENT OF FACTS

The underlying facts, to the extent pertinent, are fully set forth in the Affidavits of Michael Lee, sworn to on September 9, 2005 (the "Lee Affidavit") and the Affidavit of Kemraj (a/k/a Chris) Bodh, sworn to on the 9th of September, 2005 (the "Bodh Affidavit"). Lee's

Affidavit and Bodh's Affidavit are attached to the Affidavit of Michael H. Theodore as Exhibits "A" and "B".

## PROCEDURAL BACKGROUND

Plaintiff commenced this action in the Superior Court of the Commonwealth of Massachusetts, Department of the Trial Court, County of Bristol, by Complaint dated March 18, 2005. The Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446 by Notice of Removal filed on or about April 17, 2005 on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (a)(1), within thirty (30) days after the Complaint was served upon them. The Defendant, Arch Auto Parts Corp., answered the Complaint by filing and serving its Answer on or about May 5, 2005 and the Defendants, Michael Lee and Christopher Bodh, answered the Complaint by filing and serving their Answer on or about May 14, 2005.

## INTRODUCTION

The Plaintiff asserts eight (8) causes of action against the Defendants. In short, the causes of action involve allegations of breach of contract, fraud and breach of MGL 93A §11 (Regulation of Business Practices for Consumers Protection).

As non-resident defendants who have not engaged in any continuous and systematic activity in Massachusetts, ARCH AUTO PARTS CORPORATION ("Arch" or the "Corporate Defendant") and its principals, MICHAEL LEE ("Lee") and CHRISTOPHER BODH ("Bodh") (the "Individuals") (collectively, herein referred to with Arch as the "Defendants"), cannot be subject to the jurisdiction of the courts of Commonwealth of Massachusetts unless the Plaintiff can show that its causes of action arose from the Defendants' contact with the Commonwealth

and that the court's exercise of such jurisdiction would not offend the traditional notions of fair play and substantial justice.

## ARGUMENT

### I. THE COMPLAINT FAILS TO ALLEGE FACTS ESTABLISHING THAT THE COURT HAS JURISDICTION OVER THE NON-RESIDENT DEFENDANTS

"In its simplest form, personal jurisdiction relates to the power of a court over a defendant." *Donatelli v. National Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990). There are two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction is based on the non-resident defendant's "continuous and systematic" activity in the forum state. *Lawson v. Affirmative Equities Company, L.P.*, 341 F. Supp.2d 51 (D.Mass. 2004). By engaging in such continuous activity, the non-resident defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law", *Hanson v. Deckla*, 357 U.S. 235 (1958)...such that "it should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

In contrast to general jurisdiction, the exercise of specific jurisdiction is limited to only those claims that arise from the non-resident defendant's specific conduct with the forum state. "The proper exercise of specific *in personam* jurisdiction hinges on satisfaction of two requirements: first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction pursuant to that statute over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the [Due Process Clause of the] Constitution." *Lawson v. Affirmative Equities Company, L.P.*, 341 F.Supp.2d 51

F:\firm\MHT\Arch Auto Parts\OE Plus\memo of law motion to dismiss  revised.doc

(D.Mass. 2001)(quoting *Pritzker v. Yari*, 42 F.3d 53 (1st Cir. 1994)).   Specific personal jurisdiction exists when the "cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *United Electric et al. v. 163 Pleasant Street Corp.*, 960 F.2d 1080 (1st Cir. 1992); *Interface Group-Massachusetts, LLC v. Rosen*, 256 F.Supp.2d 103 (D.Mass. 2003); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 184 F.Supp.2d 55 (D.Mass. 2001); *Steego Corp. v. Ravenal*, 830 F.Supp. 42 (D.Mass. 1993).

   Here, the Plaintiff did not plead general jurisdiction and as such, if jurisdiction over the Defendants is to be found, it must be based on at least one of the subsections contained in MGLA 223A §3, the Massachusetts long-arm statute.  As set forth herein and in the Lee and Bodh Affidavits, the facts of this case are insufficient to support a finding of jurisdiction under any one of the subsections contained in the Massachusetts long-arm statute.  *Brown Rudnick Berlack Israels LLP v. Brooks*, 311 F.Supp.2d 131 (D.Mass. 2004)("In the absence of general jurisdiction, the power of a federal court sitting in Massachusetts depends upon the existence of specific jurisdiction; in order to establish personal jurisdiction by way of specific jurisdiction, it must be shown that the Massachusetts long-arm statute grants jurisdiction...").

   MGLA 223A §3, insofar as relevant here, provides[1]:

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth;

   [1]It is clear that subsections (e) through (h) are outside the facts of this action, have not been relied upon in the Complaint and therefore cannot be used as a basis for personal jurisdiction.  As such, these subsections will not be addressed in this memorandum of law.

F:\firm\MHT\Arch Auto Parts\OE Plus\memo of law motion to dismiss  revised.doc

(c) causing tortious injury by an act or omission in this commonwealth;
(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth..."

It is well-settled under Massachusetts law that personal jurisdiction over a non-resident defendant is appropriate only if it is: (i) authorized by the Massachusetts long-arm statute; and (ii) consistent with the due process requirements of the United States Constitution. *Merced v. JLG Industries, Inc.*, 193 F.Supp.2d 290 (D.Mass. 2001); *High Country Investor, Inc. v. McAdams, Inc.*, 221 F.Supp.2d 99 (D.Mass. 2002); *Ecological Systems Technology v. Aquatic Wildlife*, 142 F.Supp.2d 122 (D.Mass. 2000); *Bartow v. Extec Screens and Crushers, Ltd.*, 53 F.Supp.2d 518 (D.Mass. 1999); *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 826 N.E.2d 194 (2005); *Good Hope Industries, Inc. v. Ryder Scott Co.*, 389 N.E.2d 76 (1979).

### a.      Defendants did not transact business in Massachusetts under  MGLA 223A   §3(a).

Although it is conceded that "transacting any business" has been broadly construed by the Massachusetts' courts *(Tatro v Manor Care, Inc.* 416 Mass, 763, 625 N.E. 2d 549 (1994)), jurisdiction under this test still requires a showing that the defendant "purposely availed" itself of the privilege of conducting activities in the forum state.  *Callahan v. Harvest Board Int'l, Inc.*, *138 F.Supp.2d 147 (D.Mass, 2001)*.  Such purposeful availment is *not* premised upon random, isolated or fortuitous  contacts.  *Id.* citing *Sawtelle v Farrell,* 70 F.3d 1381, 1391 (1st Cir, 1995). The execution of a contract by a Massachusetts company with a non-resident does not, by itself, subject the non-resident to jurisdiction under the Massachusetts long-arm statute.  *Workgroup Technology Corp., v MGM Grand Hotel, LLC.*, 246 F. Supp.2d 102 (D. Mass. 2003); *Energy Capital and Services LP, II v Hill Refrigeration, Inc.,* 989 F. Supp. 353 (D.Mass. 1997).  Further, special emphasis is placed on whether the defendant purposely, regularly and successfully solicited business from Massachusetts.  *Tatro v. Manor Care Inc.*, *supra.*

F:\firm\MHT\Arch Auto Parts\OE Plus\memo of law motion to dismiss  revised.doc

Thus, in the absence of any requirement to conduct business in Massachusetts, and in the absence of any such business or evidence indicating extensive solicitation of business in Massachusetts, the court in *Callahan v Harvest Board International Inc.*, *supra,* held that there were insufficient contacts to warrant the exercise of personal jurisdiction over the defendant. Similarly, in the case of *Lyle Richards International, Inc. v Ashworth, Inc*., 132 F.3d 111 (1st Cir., 1997), the First Circuit distinguished *Tatro* as having been based upon systematic advertising and solicitation in Massachusetts. Indeed, the First Circuit pointedly concluded that there was a lack of personal jurisdiction where, *inter alia,* the solicitation of business did not come from the non-resident defendant in Massachusetts. *Id.* at 113. That is exactly the state of facts in the case before this court.

In analyzing a case similar to the one before this Court – namely, an attempt by a seller to obtain jurisdiction over a buyer – the First Circuit dismissed for lack of jurisdiction against the "passive" buyers. *Whittaker Corp. v. United Aircraft Corp*., 482 F.2d 1079 (1st Cir., 1973). The First Circuit distinguished between the "active" buyer whose employees made five visits to Massachusetts and were heavily involved in contacting, monitoring and supervising the plaintiff in Massachusetts regarding the subject of the contract, and the "passive" buyer who simply ordered goods from a Massachusetts business. As to the latter, no personal jurisdiction would lie under §3(a).

Here, the Corporate Defendant may have purchased goods from a Massachusetts entity and thereafter had certain goods picked up by the Plaintiff in New York for credit, but it undertook no solicitation in connection therewith and undertakes no solicitation, in general, in Massachusetts. *See Lee Affidavit*. The Corporate Defendant maintains no means for soliciting

F:\firm\MHT\Arch Auto Parts\OE Plus\memo of law motion to dismiss  revised.doc

business in Massachusetts, maintains no presence there and served no active role with respect to the goods purchased from the Plaintiff. *Id*.  Further, the evidence shows that the Defendants never solicited business from either the Plaintiff directly or any other businesses in Massachusetts, did not sell any goods in Massachusetts, did not maintain any office, bank accounts or sales personnel in Massachusetts and were not registered to do business in Massachusetts.  Under virtually identical facts, this District Court has described a defendant such as the Corporate Defendant as a "classic passive purchaser" not subject to jurisdiction in Massachusetts.  *L&P Converters, Inc. v. H.M.S. Direct Mail Service Inc*., 634 F. Supp. 365 (D. Mass., 1986).

b.     **Defendants did not contract to supply goods to Massachusetts under MGLA 223A §3(b)**.

In the leading case of *Droukas v. Divers Training Academy, Inc*., 375 Mass. 149, 376 N.E.2d 548 (1978) the Supreme Judicial Court of Massachusetts held, in effect, that unless a purported defendant was contractually *obligated* to ship goods to Massachusetts, the defendant did *not* contract to supply goods to Massachusetts within the meaning of MGLA 223A §3(b). And, of course, demonstrating this obligation is the plaintiff's burden.  *Id*. 375 Mass at 151, 376 N.E.2d at 549.

According to the allegations of the Complaint and the Lee Affidavit submitted in support of this Motion to Dismiss, while the parties had some "understanding" for the issuance of credits upon re-acquisition of certain old "cores" by the Plaintiff, there was no contractual obligation to actually ship such components to Massachusetts.  Indeed, no such shipments were made by the Defendants. Instead, the Plaintiff obtained the goods by arranging itself to pick up the goods

personally or through common carrier.  Certainly, the Complaint makes no mention of any

obligation or duty of the Defendants to ship goods to Massachusetts. *See, P.T. Sullivan vs.*

*Leaseway Transportation Corp*., 1988 WL 135434 (D. Mass., 1988) (In the absence of evidence

as to delivery terms, a contract to *supply* goods to Massachusetts cannot be inferred).

**c.    Defendants did not commit a tortious act within the state of Massachusetts under MGLA 223A §3(c).**

Although Defendants take issue with any claim of plaintiff sounding in fraud as a result

of what is at best – and strenuously contested – a breach of contract action, the alleged "acts" of

Defendants took place entirely within the State of New York.  While the somewhat criticized

case of *Murphy v Erwin-Wasey, Inc*., 460 F.2d 661 (1st Cir., 1972) held that a defendant who,

*inter alia*, knowingly *sends into Massachusetts,* a false statement, has for jurisdictional purposes

acted within Massachusetts, the First Circuit likened the act to the apocryphal firing of a gun

across state lines.  However, here, even taking the Plaintiff's allegations as true for solely

purposes this motion, the defendant fired the gun-as it were- entirely within it's own building

and entirely within the State of New York.  None of the goods obtained by the Plaintiff which it

claims were fraudulently packaged[2] were ever shipped by the Defendants to Massachusetts.  It

was the Plaintiff which took possession of the goods *in New York* and thereafter exercised sole

dominion and control over them.  Defendants had no control over the goods from that moment

forward. *See, e.g. Bradley v Cheleuitte*, 65 F.R.D.57 (D.Mass., 1974)(releasing a Massachusetts

patient in Puerto Rico is *not* equivalent to sending the patient into Massachusetts).

---

[2]It cannot be emphasized enough that Defendants vehemently deny this pernicious and libelous accusation.

**d.     Defendants lack the necessary contacts for jurisdiction under MGLA 223A §3(d).**

It is beyond peradventure that Defendants are non-resident, non-domiciliaries who have virtually no contacts with the Commonwealth of Massachusetts.  Accordingly, MGLA 223A §3(d) is inapplicable for the same reasons that the court has no general jurisdiction over the Defendants.  The Defendants simply maintain no contacts with Massachusetts such as a business location, bank account, sales personnel, etc. within the Commonwealth.  Further, as the Lee Affidavit in support of this Motion to Dismiss establishes, the Defendants' business derives no revenues from the conduct of any business in Massachusetts.

**e.     Defendants Have Preserved Their Defense of Lack of Personal Jurisdiction**

The Defendants anticipate that the Plaintiff will argue that the Defendants have waived their defense of lack of personal jurisdiction by filing an Answer as the first responsive pleading.[3] It is clear that the Defendants have preserved their right to file a post-answer motion to dismiss for lack of personal jurisdiction where, as here, they have preserved such defense in their initial Answers.  First, a clear reading of Rule 12(h)(1) of the Federal Rules of Civil Procedure establishes that the Defendants have not waived their ability to file a motion to dismiss for lack of jurisdiction.  Second, there is ample case law interpreting F.R.C.P. 12 which supports the Defendants' position.  *See, e.g., Manchester Knitted Fashions v. Amalgamated,* 967 F.2d 688 (1st Cir. 1992); *Glater v. Eli Lilly Co.,* 712 F.2d 735 (1st Cir. 1983); *Rogue v. United States*, 857 F.2d 20 (1st Cir. 1988). This legal authority establishes that the Defendants, by having

asserted lack of personal jurisdiction as an affirmative defense in their Answers, their first responsive pleading, have preserved such defense for a later motion.

## II.  IN THE ALTERNATIVE, TRANSFER OF VENUE FROM THE DISTRICT OF MASSACHUSETTS TO THE EASTERN DISTRICT OF NEW YORK IS WARRANTED

If the Defendants are found to be subject to the Massachusetts long-arm statute, this Court should grant the Defendant's alternative motion for a change in venue.

Federal Rule 1404(a), which authorizes changes in venue, provides in relevant part:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. 1404(a).

Whether transfer of venue is appropriate is within the sound discretion of the court and is decided on a case-by-case analysis of the relevant and unique facts of each situation.  *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735 (1st Cir. 1977).  District courts consider a variety of factors, including but not limited to, the convenience of the parties and witnesses, the availability of documents and the interests of justice.  *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16 (D.Mass. 1991).

Of all the factors, courts place great emphasis on the convenience of the witnesses.  *Home Owners Funding Corp. of America v. Century Bank*, 695 F.Supp. 1343 (D.Mass.

---

[3] At the Scheduling Conference, Plaintiff's counsel went so far as to improperly suggest to the Court that sanctions should be imposed if the Defendants filed a Motion to Dismiss for lack of personal jurisdiction.

F:\firm\MHT\Arch Auto Parts\OE Plus\memo of law motion to dismiss  revised.doc

1988)("The final factor, the convenience of witnesses, has been termed by one set of commentators as, 'probably the most important [one]'")(quoting 15 *C. Wright, A. Miller & E. Cooper*, Sect 3841).

The emphasis on this factor is based on the policy of favoring cases being determined on the merits rather than on procedural technicalities.  In the instant action, all of the Plaintiff's allegations are based on alleged conduct by the Defendants in the State of New York. Accordingly, in order to determine the merits of this case, it is essential to have the individual defendants themselves and their employees testify.  Moreover, the fact that the Defendants' warehouse is located in, and the alleged fraudulent conduct occurred in, New York should bear great weight.

In fact, the oft-cited case of *Burger King v. Rudzewicz* affirms that a transfer of venue is the appropriate alternative when, in close cases, minimum contacts are found by a court.  471 U.S. 462 (1985).  In other words, where minimum contacts are found on tenuous grounds, courts should favorably consider the granting of a change in venue to accomodate any inconvenience. *Id*.

The fact that the Defendants had no contact with the Commonwealth, coupled with the fact that all of the Defendants' alleged conduct occurred outside the borders of Massachusetts, makes a change in venue appropriate in this case.  As stated in the Lee Affidavit, it appears that the Plaintiff purposefully chose Massachusetts as the venue of this action, despite knowledge that the Defendants had no contacts therewith, in order to place additional burden or leverage upon the Defendants.  Such venue shopping is inappropriate as espoused by the Supreme Court: "The

open door may admit those who seek not simply justice but perhaps justice blended with some

harassment." *Gulf Coast Oil Corp. v. Gilbert*, 330 U.S. 501 (1997).

## III.  THE DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR ANSWER TO ASSERT AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

It is well settled that the federal rules employ a liberal amendment policy. *Foman v.

Davis*, 371 U.S. 178 (1962).  Rule 15(a) of the Federal Rules of Civil Procedure, in relevant part,

provides that "leave shall be freely given when justice so requires."  28 U.S.C. 15(a).  Courts are

guided by this mandate.  *Maddalone v. Okada Shosen, KK*, 756 F.2d 886 (1st Cir. 1985).  In the

absence of prejudice, the liberal provisions of Rule 15(a) should be given effect.  *Subaru of New

England, Inc. v. General Ship Corp.*, 142 F.R.D. 578 (D.Mass. 1992).

The Supreme Court in *Foman v. Davis*, emphasized the that a court should only deny

leave to amend when there is an "apparent or declared reason - such as undue delay, bad faith or

dilatory motive on the part of the movant."  371 U.S. 178 (1962). A court's refusal to grant leave

to amend without any justifying reason is not an exercise of discretion."  *Id*.  Unless the

amendment being sought is a result of undue and intended delay or efforts to unnecessarily

prolong litigation, courts are free to allow such amendments.  *Resolution Trust Corporation v.

Gold*, 30 F.3d 251 (1st Cir. 1994); *Grant v. News Group Boston, Inc.,* 55 F.3d 1 (1st Cir. 1995).

In this case, if the Court should deny the Defendants' Motion to Dismiss and the Motion

to Transfer Venue, the Court should grant the Corporate Defendant leave to Amend its Answer

to assert various additional affirmative defenses, including the defense of Statute of Frauds.

These defenses, which would serve as complete defenses to one or more of the Plaintiff's claims,

were inadvertently omitted from the original Answer, as demonstrated by the fact that these very

defenses are contained in the Answer of Lee and Bodh. See *Kontrick v. Ryan*, 540 US 443 (2004) (an answer may be amended to include an inadvertently omitted affirmative defense).

Similarly, the Court should permit the Defendants to assert a Counterclaim for an accounting and for set off. The Plaintiff has been well aware of the Defendants' intention to not only amend their Answer, but to assert Counterclaims if settlement could not be achieved. Indeed, the Defendants informed the Plaintiff of their intention to assert counterclaim(s) by letter to the Plaintiff prior to the Scheduling Conference, in open Court at the Scheduling Conference, and in various telephonic and written communications to Plaintiff's counsel following the Scheduling Conference. Further, in the event that the amendment is permitted, the Plaintiff can conduct all appropriate discovery on the Corporate Defendant's asserted counterclaims without objection by the Defendants to the propoundment of such additional discovery. Therefore, the Plaintiff cannot be said to be prejudiced by the amendment at this stage of the proceeding.

<u>**CONCLUSION**</u>

For all of the reasons set forth herein as well as in the Affidavits of Michael Lee and Kemraj (a/k/a Chris) Bodh, it is respectfully submitted that this action should be dismissed or, in the alternative, if the Court determines not to dismiss the action, the Court determines not to dismiss the action, that the venue be transferred to the United States District Court for the Eastern District of New York and that the Defendant Arch be granted leave to file and serve an amended answer and Counterclaim in the form annexed to the Affidavit of Michael H. Theodore,

and that the Defendants have such other and further relief as may be deemed just.

Arch Auto Parts Corporation, Michael Lee
and Christopher Bodh
By their Attorneys,


/s/ Michael H. Theodore
Lewis J. Cohn, Esq. BBO#553803
Michael H. Theodore, Esq. BBO#565098
Cohn & Dussi, LLC
25 Burlington Mall Road, 6th Floor
Burlington, MA 01803
(781) 494-0200


Of Counsel

/s/ Stan Goldberg
Stan L. Goldberg
Platzer Swergold, Karlin, Levine, Goldberg
& Jaslow LLP
1065 Avenue of the Americas
New York, NY 10018
(212) 593-3000
(212) 593-0353 (fax)
SGoldberg@platzerlaw.com