## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*
|   |   |
|---|---|
|   | \* |
| OE PLUS, LTD., | \* |
|   | \* |
|   | \* |
| Plaintiff(s) | \*   **CASE NO. 05-10723 NMG** |
| VS. | \* |
|   | \* |
| ARCH AUTO PARTS CORPORATION, | \* |
| MICHAEL LEE and CHRISTOPHER BODH | \* |
|   | \* |
|   | \* |
| Defendant(s) | \* |
|   | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## AFFIDAVIT OF MICHAEL H. THEODORE

Now comes, Michael H. Theodore, Esquire, under oath and state as follows

1.  I am an attorney with the law firm of Cohn & Dussi, LLC, counsel to the Defendants in the above-captioned action.

2.  I submit this Affidavit for the sole purpose of authenticating documents submitted in Support of the Defendants' Motion to Dismiss.

3.  Attached hereto as Exhibit "A" is an Affidavit of Michael Lee in Support of Motion to Dismiss Complaint or in the Alternative, Transfer Venue and/or Grant Leave to File an Amended Answer fo the Defendant Arch.

4.  Attached hereto as Exhibit "B" is the Affidavit of Kemraj (a/k/a Chris) Bodh in Support of Motion to Dismiss Complaint.

5.  Attached hereto as Exhibit "C" is the proposed Amended Answer and Counterclaim of the Defendant, Arch Auto Parts Corporation.

/s/ Michael H. Theodore

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-----------------------------------------------------------------X
OE PLUS, LTD.,

                    Plaintiff,                   Case No. 05-10723 NMG
    -against-

ARCH AUTO PARTS CORPORATION AND
MICHAEL LEE AND CHRISTOPHER BODH,

                    Defendants,
-----------------------------------------------------------------X

**AFFIDAVIT OF MICHAEL LEE IN SUPPORT OF MOTION TO DISMISS
COMPLAINT OR IN THE ALTERNATIVE, TRANSFER VENUE AND/OR
GRANT LEAVE TO FILE AN AMENDED ANSWER FOR THE DEFENDANT ARCH**

STATE OF NEW YORK    )
                        )ss:
COUNTY OF QUEENS    )

    **MICHAEL LEE,** being duly sworn, deposes and says:

1.               I am the President of Arch Auto Parts Corporation ("Arch") the corporate

defendant in the within action.  I submit this affidavit in support of the defendants' motion

("Motion") to dismiss the complaint as against each of the defendants - Arch, Kemraj (a/k/a

Chris) ("Bodh") and myself - on the grounds that there is no basis for the exercise of personal

jurisdiction over any of the defendants in the Commonwealth of Massachusetts.  Alternatively,

and, if the Court determines not to dismiss the action, the Motion seeks to transfer venue from

this Court to the United States District Court for the Eastern District of New York and leave to

file an amended answer for the defendant Arch in the forms annexed.

**The Complaint Should Be Dismissed as Against the Defendant Arch**

2.               Arch is a New York corporation with its principal place of business in Queens

County, New York.  Arch is in the retail auto parts and accessories business and operates nine

(9) retail locations, *all* of which are located in the counties of Queens, Kings and Nassau in New York. Arch also maintains warehouse facilities ancillary to its retail business, which warehouses are located in Queens County, New York.

3.        Arch is a business operated solely in the New York City metropolitan area and Nassau County. It maintains no officers, employees, bank accounts or presence of any kind outside of New York State and specifically, the New York City metropolitan area. It has no customers outside of said region and does not engage in mail order or internet sales of any kind. Its customers either make purchases of auto parts and accessories at its retail locations or, for its commercial customers such as repair shops or auto dealerships, Arch delivers the items by automobile, small truck or van, all within New York State.

4.        Arch does <u>not</u>: (i) transact business; (ii) contract to supply goods or services; (iii) have any interest in, use or own real property; or (iv) regularly do or solicit business or engage in any persistent cause of conduct or derive substantial revenue from goods used or services rendered <u>in any state other than New York</u>. Arch is an exclusively local business in New York City, its suburbs and Nassau County and maintains no contacts with the Commonwealth of Massachusetts or any state other than New York.

5.        With respect to the within action, the specific and pertinent facts follow. In the auto parts industry, certain replacement parts are never "new". Rather, on a universal basis, such refurbished parts are sold as "rebuilt". Prominent among the categories of rebuilt auto parts are alternators and starters. When either of these wears out and need to be replaced, whether by the "do-it-yourself" vehicle owner, or by a repair shop, or even by the service department of a new car dealer, a rebuilt or refurbished unit is used. At the time of purchase thereof, the purchaser

pays for the rebuilt unit (commonly known as "finished goods") and also leaves an additional sum of money as a deposit. After such rebuilt starter or alternator is installed in the vehicle, the worn out unit (known as a "core") is commonly returned to the retailer or distributor from which the finished goods were purchased and the deposit is returned. These cores are then stored by the retailer or distributor until the vendor or re-manufacturer which supplies the retailer chooses to pick them up to be rebuilt and placed back into the cycle as above-described.

6.          For a period prior to September 2002, Arch maintained its own re-manufacturing operation through an affiliate at a separate location in Queens, New York. In or about September 2002, Arch was approached and solicited by the plaintiff, OE Plus, LTD (the "Plaintiff") with a proposal that Plaintiff supply Arch with rebuilt alternators and starters.

7.          Following a series of discussions by telephone in furtherance of such solicitation by Plaintiff and a series of follow up e-mails from the Plaintiff, as well as various visits to Arch's premises in New York by representatives of the Plaintiff, Arch decided to terminate its own re-manufacturing operation to instead purchase finished goods from Plaintiff. Significantly, no agreement was ever executed between the parties; there were no commitments made as to the Plaintiff serving as Arch's exclusive supplier or as to any minimum period of exclusivity as is alleged in the Plaintiff's complaint. Rather, the parties merely agreed that certain terms would apply, if and when Arch purchased finished goods from Plaintiff. It is also significant to emphasize that the business relationship was solicited and initiated by Plaintiff, that Plaintiff came to New York on various occasions to solicit Arch's business, that neither I nor my co-defendant Bodh, nor any other employee, agent or representatives of Arch ever entered the Commonwealth of Massachusetts in furtherance of the business relationship with Plaintiff.

C:\DOCUME~1\mht\LOCALS~1\TEMPOR~1\Content.IE5\OXMJ8T6V\Affidavit of Michael Lee OE+ 9-9-05.doc

3

8.          At the inception of the dealings between Arch and Plaintiff, in order to induce Arch to do business both with Plaintiffs and as is common in the rebuilt auto parts industry, Plaintiff agreed to purchase Arch's existing stock of cores (which Arch was warehousing in anticipation of rebuilding them in the re-manufacturing operation which was now to be discontinued) and the stock of finished goods in Arch's retail inventory.  These finished goods had either been supplied by Arch's own affiliate or by an unrelated company known as "Denso". Accordingly, over a period of time at the inception of their business relationship, Plaintiff's representatives came to Arch's New York warehouse facility to remove the cores.  Plaintiff's representatives also came to each of Arch's various retail outlets located in New York to "rebox" Arch's finished goods on hand – meaning to take the finished goods produced by Arch's affiliates or by "Denso" and to put them in boxes bearing Plaintiff's codes and logos.  At no time did I, Bodh or any representative of Arch enter, or ship goods to, the Commonwealth of Massachusetts in connection with this process.  As the relationship between Arch and Plaintiff progressed, and as was explained above, Arch would warehouse the cores which were returned by its customers and same would be stacked on shipping pallets at Arch's premises.  When the pallets were full, the Plaintiff, or more likely, a common carrier selected solely by the Plaintiff, would pick up the pallets at Arch's premises and remove them.  Once again, neither I nor Bodh nor any representative, employee or agent of Arch actively participated in the removal of the cores by the Plaintiff from Arch's premises. Once they were removed they left Arch's dominion and control.

C:\DOCUME~1\mht\LOCALS~1\TEMPOR~1\Content.IE5\OXMJ8T6V\Affidavit of Michael Lee OE+ 9-9-05.doc

4

**The Complaint Should Be Dismissed as Against the Defendant Michael Lee, Personally**

9.          In an attempt to improperly transform what is clearly a dispute solely of a business or contractual nature into one of a nature upon which the Plaintiff can seek to pierce the corporate veil and obtain personal liability against me and Bodh, Plaintiff has alleged that we participated in a fraud perpetrated by Arch.  While I can unequivocally assure this Court that Plaintiff's allegations are unfounded and that no fraud upon the Plaintiff has occurred, nonetheless my attorneys advise that a factual rebuttal of the Plaintiff's allegations outside is the scope of the within Motion.  Accordingly, I will limit the discussion of my personal involvement in my dealings between Arch and the Plaintiff to issues which bear upon the propriety of personal jurisdiction.  The issue of the propriety of long arm jurisdiction against Arch has been addressed at length herein and in the accompanying Memorandum of Law.  Presumably, any claims asserted against me personally would, of necessity, derive from the claims asserted against Arch and the Court's determination of the within Motion would appear to be dispositive with respect to personal jurisdiction over me.

10.          To the extent, however, that an independent basis for jurisdiction is asserted against me, I wish to advise the Court of the following:    I am currently domiciled in and a resident of Queens County, New York and have no other second home or residence.  With the exception of investments in certain real estate, all of which is located in the State of New York, I devote my full time and attention and derive my sole income from Arch.  Specifically, I have not conducted nor transacted any business in the Commonwealth of Massachusetts nor do I have any interests in, use or possess any real property in the Commonwealth.  Indeed, I have had no occasion throughout my lifetime to enter the Commonwealth of Massachusetts other than as a

C:\DOCUME~1\mht\LOCALS~1\TEMPOR~1\Content.IE5\OXMJ8T6V\Affidavit of Michael Lee OE+ 9-9-05.doc

visitor on a family vacation.

**In the Event that this Court Determines Not to Dismiss the Complaint,
a Transfer of Venue is Requested**

11.          As has been fully set forth herein, as well as in the accompanying memorandum of law, the defendants have not engaged in any conduct which would form a lawful or constitutional basis to the exercise of personal jurisdiction against them in the Commonwealth of Massachusetts.  None of the defendants have ever contracted to supply goods or solicited any business in Massachusetts or entered Massachusetts for any reason whatsoever in connection with Arch's dealings with the Plaintiff.  It is respectfully submitted that the Plaintiff commenced this action, originally in the State Court, with full knowledge that the defendants had no contacts to Massachusetts and for the express purpose of placing additional burden and leverage upon them by requiring that they defend an action in a foreign state.

12.          As has been fully set forth herein, all conversations, transactions and the full course of dealings between the parties have occurred solely in the State of New York.  In the event that this matter may ultimately proceed to trial, any and all of the defendants' witnesses reside in New York, the place where all pertinent events occurred.   The tortious or fraudulent acts alleged by the Plaintiff - acts which the defendants vehemently denied - are alleged to have taken place entirely in New York.  To require the defendants to defend this action and to appear for purposes of both pre-trial proceedings and ultimate trial in the Commonwealth of Massachusetts places undue burden on the defendants.  By contrast, no such burden would be placed upon the Plaintiff if it were required to prosecute this action in the United States District Court for the Eastern District of New York.  It cannot be over-emphasized that it was the Plaintiff which affirmatively sought out and solicited Arch's business in New York; it was the

Plaintiff which sent sales personnel to meet with Arch in New York; it was the Plaintiff which sent teams to New York to "rebox" Arch's existing finished goods on hand; it was the Plaintiff which throughout the dealings between the parties arranged for the removal of the cores from Arch's premises in New York. Most importantly, it was the Plaintiff which shipped the finished goods into New York and it was the Plaintiff which shipped the worn out cores out of New York. Clearly, the Plaintiff would have no defense to the long arm jurisdiction of the New York courts and it is the Plaintiff which should properly be required to litigate this action in New York.

**In the Event that the Court does not Dismiss this Action, Leave Should be Granted for all Defendant to File Amended Answer for the Defendant Arch**

13.        In the event that this Court does not dismiss this action, then it is respectfully requested that leave be granted for the defendant Arch to amend its complaint to assert additional affirmative defenses and two counterclaims arising out of the dealings between the Plaintiff and Arch. Specifically, Arch wishes to add two affirmative defenses asserting: (1) that Plaintiff's claims are barred, in whole or in part, by failure to comply with the statute of frauds; and (2) that any sums which may be due to the Plaintiff are offset, in whole or in part, by certain sums and/or credits which are due from the Plaintiff to Arch and which have not been paid.

14.        Additionally, Arch requests leave to add two counterclaims which arise by virtue of the aforesaid credits or payments which were promised to Arch by Plaintiff at the inception of their dealings, which credits have not been accounted for and have not been paid in full. Specifically, in connection with the removal or reboxing of the cores and finished goods by Plaintiff at the inception of their dealings as more fully discussed above, Arch was to receive up to $376,000 in credits and/or direct payments from Plaintiff. Arch has never received the full

C:\DOCUME~1\mht\LOCALS~1\TEMPOR~1\Content.IE5\OXMJ8T6V\Affidavit of Michael Lee OE+ 9-9-05.doc

7

amount of such credits and/or direct payments nor has Arch ever received a full accounting

therefore. Accordingly, Arch requests leave to amend its answer to reflect its claim for such

credits and/or direct payments as both as an affirmative defense in the nature of offset and as a

counterclaim.

15.        It is respectfully submitted that Arch's claims for offsets and/or sums due as

credits and/or payments is well known to the Plaintiff and that the amendment of Arch's answer

to assert same at this early stage of the action while the discovery process is still pending, will

cause neither surprise nor prejudice to the Plaintiff.

WHEREFORE, for all of the reasons set forth herein, in the Bodh Affidavit, in the

accompanying affirmation of Michael M. Theodore and the accompanying Memorandum of

Law, it is respectfully requested that defendants' Motion be granted in its entirety and that the

defendants have such other and further relief as may be deem just in the premises.

                                                        _____
                                                        Michael Lee

Sworn to before me this
___th day of September, 2005

_____
Notary Public

ELWARDO A. THOMPSON
Notary Public - State of New York
No. 01TH6062269
Qualified in Nassau County
My Commission Expires Oct. 28, 2006

C:\Documents and Settings\Michael Lee\My Documents\Affidavit of Michael Lee OE+9-9-05.doc

8

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------X

OE PLUS, LTD.,

                          Plaintiff,                          Case No. 05-10723 NMG

          -against-

ARCH AUTO PARTS CORPORATION AND
MICHAEL LEE AND CHRISTOPHER BODH,

                          Defendants,

-----------------------------------------------------------------X

AFFIDAVIT OF KEMRAJ (a/k/a CHRIS) BODH IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

STATE OF NEW YORK          )
                           )ss:
COUNTY OF QUEENS           )

     **KEMRAJ (a/k/a CHRIS) BODH,** being duly sworn, deposes and says:

1.       I am a Vice-President of Arch Auto Parts Corporation ("Arch") the corporate

defendant in the within action and I am an individual defendant in such action as well.  I submit

this affidavit in support of the defendants' motion ("Motion") to dismiss the complaint as against

each of the defendants on the grounds that there is no basis for the exercise of personal

jurisdiction over any of the defendants in the Commonwealth of Massachusetts.

2.       The purpose of the within affidavit is to supplement the affidavit of Michael Lee

sworn to on the _____ day of September, 2005 submitted in support of the defendants' Motion

and to confirm that there is no basis for the exercise of personal jurisdiction over me as a party

defendant in this action in the Commonwealth of Massachusetts.

3.       Accordingly, I wish to advise the Court that I am currently domiciled in and a

resident of Queens County, New York and have no other second home or residence.  With the

C:\DOCUME~1\mht\LOCALS~1\TEMPOR~1\Content.IE5\OXMJ8T6V\Affidavit of Kemraj Bodh OE+ 9-9-05.doc

1

exception of investments in certain real estate, all of which is located in the State of New York, I devote my full time and attention and derive my sole income from Arch Auto Parts Corporation. I have not conducted nor transacted any business in the Commonwealth of Massachusetts nor do I have any interest in, use or possess any real property in the Commonwealth. I have had no occasion throughout my lifetime to enter the Commonwealth of Massachusetts other than as a visitor on a family vacation.

4.    For all of the foregoing reasons, and for such reasons as more fully set forth in the accompanying affidavit of Michael Lee sworn to on the ___9th___ day of September, 2005, it is respectfully requested that this Court dismiss this action as against each of the defendants.

Kemraj Bodh a/k/a Chris Bodh

Sworn to before me this
9 th day of September 2005

Notary Public

DAWN FOOK THOMPSON
Notary Public - State of New York
No. 01TH6809259
Qualified in Nassau County
My Commission Expires Oct. 28, 2006

C:\Documents and Settings\Michael Lee\Local Settings\Temporary Internet Files\OLK14\Affidavit of Kemraj Bodh.doc

2

EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * *   *

OE PLUS, LTD.,

            Plaintiff(s)

VS.

ARCH AUTO PARTS CORPORATION,
MICHAEL LEE and CHRISTOPHER BODH

            Defendant(s)

* * * * * * * * * * * * * * * * * * * * * * * *   *

**CASE NO. 05-10723 NMG**

## AMENDED ANSWER AND COUNTERCLAIM
## OF THE DEFENDANT, ARCH AUTO PARTS CORPORATION

1.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 1 of the Complaint.

2.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 2 of the Complaint.

3.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 3 of the Complaint.

4.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 4 of the Complaint.

5.    Arch Auto Parts Corporation denies the allegations in Paragraph 5 of the Complaint.

6.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint.

7.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 7 of the Complaint.

8.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint.

9.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the

allegations in Paragraph 9 of the Complaint.

10.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint.

13.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint.

14.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint.

15.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint.

16.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 16 of the Complaint.

17.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint.

18.    No response required.

19.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint.

20.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Complaint.

21.    Arch Auto Parts Corporation denies the allegations in Paragraph 21 of the Complaint.

22.    Arch Auto Parts Corporation denies the allegations in Paragraph 22 of the Complaint.

23.    No response required.

24.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint.

25.    Arch Auto Parts Corporation denies the allegations in Paragraph 25 of the Complaint.

26.    Arch Auto Parts Corporation denies the allegations in Paragraph 26 of the Complaint.

27.    No response required.

28.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint.

29.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 29 of the Complaint.

30.    No response required.

31.    Arch Auto Parts Corporation denies the allegations in Paragraph 31 of the Complaint.

32.    No response required.

33.    Arch Auto Parts Corporation denies the allegations in Paragraph 33 of the Complaint.

34.    Arch Auto Parts Corporation denies the allegations in Paragraph 34 of the Complaint.

35.    Arch Auto Parts Corporation denies the allegations in Paragraph 35 of the Complaint.

36.    No response required.

37.    Arch Auto Parts Corporation denies the allegations in Paragraph 37 of the Complaint.

38.    Arch Auto Parts Corporation denies the allegations in Paragraph 38 of the Complaint.

39.    Arch Auto Parts Corporation denies the allegations in Paragraph 39 of the Complaint.

40.    Arch Auto Parts Corporation denies the allegations in Paragraph 40 of the Complaint.

41.    No response required.

42.    Arch Auto Parts Corporation denies the allegations in Paragraph 42 of the Complaint.

43.    Arch Auto Parts Corporation denies the allegations in Paragraph 43 of the Complaint.

44.    Arch Auto Parts Corporation denies the allegations in Paragraph 44 of the Complaint.

45.    No response required.

46.    Arch Auto Parts Corporation is without sufficient information to either admit or deny the allegations in Paragraph 46 of the Complaint.

47.    Arch Auto Parts Corporation denies the allegations in Paragraph 47 of the Complaint.

48.    Arch Auto Parts Corporation denies the allegations in Paragraph 48 of the Complaint.

49.    Arch Auto Parts Corporation denies the allegations in Paragraph 49 of the Complaint.

50.    Arch Auto Parts Corporation denies the allegations in Paragraph 50 of the Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has breached the terms and conditions of its agreements or contract, and therefore, can recover nothing.

**THIRD AFFIRMATIVE DEFENSE**

By its own actions, conduct and agreements, the Plaintiff has waived any claims it may have against the Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

By its own actions, conduct and agreements, the Plaintiff is estopped from asserting any claims against the Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims against the Defendants fail for lack of personal jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by virtue of its Unclean Hands.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Defendants owed any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff has not set forth any recoverable damages which occurred as a result of any acts or omissions of the Defendants.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith

and therefore, the Defendant is entitled to recover costs, expenses and attorneys fees under M.G.L. c. 231, sec. 6F.

### TENTH AFFIRMATIVE DEFENSE

The Defendants owed no duty to the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Statute of Limitations.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Statute of Frauds.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any injury suffered by the Plaintiff was not caused by the actions and/or omissions of the Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants did not supply false information to the Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants exercised reasonable care and/or competence at all times in its communications with Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants did not use any corporation to promote fraud.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are subject to the Defendants' right of set off.

### <u>PRAYERS FOR RELIEF</u>

**WHEREFORE**, the Plaintiff pray as follows:

1. That Judgment enter in favor of the Defendant, Arch Auto Parts Corporation, together with interest, costs and reasonable attorney's fees; and

2. For such other relief as this Honorable Court deems just and equitable.

## COUNTERCLAIM

1.     The Plaintiff-in-Counterclaim, Arch Auto Parts Corporation ("Arch Auto") , is a corporation duly organized under the laws of the State of New York, with a usual place of business in Queens County, New York.

2.     The Defendant-in-Counterclaim, OE Plus, Ltd. ("OE Plus"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a usual place of business in North Dighton, Massachusetts.

## FACTUAL ALLEGATIONS

3.     Arch Auto repeats and incorporates by reference the allegations contained in paragraphs 1 through 2 of the Complaint as through fully set forth herein.

4.     At all times material hereto, Arch Auto operated a business in which, among other things, it re-manufactured used auto parts, including starters and alternators.

5.     In or around September, 2002, Arch was approached by OE Plus with a proposal that OE Plus supply Arch with rebuilt alternators and starters.

6.     Following such solicitation, Arch Auto decided to terminate its own re-manufacturing operation, and instead, to purchase certain finished goods from OE Plus.

7.     In order to induce Arch Auto to conduct business with OE Plus, OE Plus agreed to purchase Arch Auto's existing stock of worn-out starters and alternators ("cores") and the stock of rebuilt starters and alternators ready for sale ("finished goods") in Arch Auto's retail inventory, and to provide Arch Auto with certain credits and/or payments.

8.     At all times material hereto, OE Plus accepted Arch Auto's excess cores and finished goods, but failed to provide Arch Auto with the agreed upon credits and/or payments.

## CAUSES OF ACTION

## COUNT I

### (ACCOUNTING)

9.     Arch Auto repeats and incorporates by reference the allegations contained in paragraphs 1 through 8 of the Counterclaim as through fully set forth herein.

10.    Arch Auto is entitled to an accounting from OE Plus of all sums due resulting from OE Plus' failure to provide Arch Auto with the agreed upon credits and/or payments.

## COUNT II

### (SET OFF)

11.    Arch Auto repeats and incorporates by reference the allegations contained in paragraphs 1 through 10 of the Counterclaim as through fully set forth herein.

12.    As a result of OE Plus' failure to provide Arch Auto with the agreed upon credits and/or payments, Arch Auto is entitled to set-off all amounts which exceed the amount of the OE Plus' asserted claims and for damages in an amount to be determined and awarded at trial.

WHEREFORE, the Plaintiff-in-Counterclaim, Arch Auto Parts Corporation, requests the Court to enter a Judgment against OE Plus, Ltd. pursuant to Counts I and II of its Counterclaim and for the entry of such other relief as is just and equitable.

ARCH AUTO PARTS CORPORATION

By its attorneys,
Cohn & Dussi, LLC,

/s/ Michael H. Theodore
Lewis J. Cohn, BBO# 553803
Michael H. Theodore, BBO#565098
Cohn & Dussi, LLC
25 Burlington Mall Road, 6th Floor
Burlington, MA 01803
(781) 494-0200