UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
**OE PLUS, LTD.,**  \*
          **Plaintiff**  \*
\*
v.  \*
\*  **C.A. NO. 05-10723 NMG**
\*
**ARCH AUTO PARTS CORPORATION,**  \*
**MICHAEL LEE and CHRISTOPHER BODH**  \*
          **Defendants**  \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

The Defendants, Arch Auto Parts Corporation, Michael Lee and Christopher Bodh ("Defendants"), oppose the Motion of the Plaintiff to Compel Answers to Interrogatories and Production of Documents on the grounds that the Motion to Compel is premature where the Defendants' Emergency Motion for Stay of Discovery and Motion to Dismiss are pending before this Court, and the discovery sought to be compelled has no substantial nexus to the issue of personal jurisdition. In support of this Opposition, Defendants state as follows:

1.  While it is true that on the day of the Scheduling Conference, the Defendants were served with Interrogatories and Requests for Production of Documents, the Defendants made a written request upon the Plaintiff for a stay of the discovery on August 22, 2005, several days before the agreed-upon the deadline to respond to Plaintiff's discovery requests. A copy of the Defendants' written request is attached hereto as Exhibit A.[1]

---

[1] The letter dated August 22, 2005, has been redacted because a certain portion thereof relates to settlement negotiations to be used solely for such purpose.

2. The Plaintiff never responded one way or another to the Defendants' request for a stay, leaving the Defendants with no alternative but to file, on August 25, 2005,[2] an Emergency Motion for a Stay in order to preserve its right to objection to discovery, and most importantly, in order to seek a stay of certain depositions scheduled by the Plaintiff for September 12, 2005, and September 13, 2005.[3]

3. The Court has not yet ruled on the Defendants' Emergency Motion for Stay to determine whether the Defendants must comply with the Plaintiff's discovery request and/or whether the Defendants have preserved their objections.

4. Further, on September 15, 2005, the Plaintiff filed a Motion to Dismiss for Lack of Personal Jurisdiction, which is now pending before the Court.

5. In view of the pending Motions of the Defendants, the Motion to Compel is premature.

6. While the Plaintiff asserts in its Motion to Compel that its discovery requests are relevant to the issue of personal jurisdiction, such argument has no merit when carefully reviewing the Plaintiff's actual discovery requests. Copies of the Plaintiff's discovery requests are attached to the Plaintiff's Opposition to the Emergency Motion to Stay.

7. Specifically, the Plaintiff's First Request for Production of Documents appears to request no documents which bear on Defendants' contacts with the forum state or on personal jurisdiction. Further, only a few Interrogatories (see Interrogatories 17 through 20) appear to bear on the issue of personal jurisdiction. Even then, the Affidavits of the Defendants Lee and

---

[2] The Defendants' Emergency Motion was filed electronically on August 24, 2005, at 5:06 p.m. and therefore, docketed as having been filed on August 25, 2005.

[3] It is interesting to note that the Plaintiff, in its Opposition to the Defendants' Emergency Motion to Stay, does not indicate an assent to any postponement of the depositions. Indeed, its Opposition suggests their objection to such postponement. It was not until September 8, 2005, that the Plaintiff informed the Defendants of their agreement to postpone the depositions of Defendants Lee and Bodh.

Bodh, made under oath, and filed with the Defendants' Motion to Dismiss, clearly address those inquiries related to the nature of the Defendants' contacts with the Commonwealth of Massachusetts.

WHEREFORE, the Defendants request that this Court deny the Motion to Compel, enter such other relief as is just and equitable.

Respectfully submitted,
ARCH AUTO PARTS CORPORATION,
MICHAEL LEE and CHRISTOPHER BODH

By its attorneys,
Cohn & Dussi, LLC,


/s/ Michael H. Theodore
Lewis J. Cohn, Esq.  BBO#553803
Michael H. Theodore, Esq., BBO#565098
25 Burlington Mall Rd, 6th Floor
Burlington, MA 01803
(781) 494-0200

CERTIFICATE OF SERVICE

    I, Michael H. Theodore, hereby certify that on this 14th day of September, 2005, I served upon counsel of record by first class mail, postage pre-paid, or by electronic filing, a true and accurate copy of the foregoing Reply.

    /s/ Michael H. Theodore
    Michael H. Theodore

Ex "A"

# COHN & DUSSI, LLC
ATTORNEYS AT LAW
25 BURLINGTON MALL ROAD, 6TH FLOOR
BURLINGTON, MASSACHUSETTS 01803-4158

JOHN J. DUSSI
LEWIS J. COHN *++

MICHAEL H. THEODORE
TRACY A. KISH
DAVID S. GOLDBERG

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
++ LL.M. TAXATION

TELEPHONE: 781-494-0200
FACSIMILE:  781-494-0208

www.cohnanddussi.com

August 22, 2005

BY FAX 617-946-4801

Kevin Lesinksi, Esquire
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

Re:  *Arch Auto Parts Corp. vs OE Plus, Ltd, USDC C.A. No. 1:05cv10723*

Our File Number:    20050310

Dear Mr. Lesinski:

[redacted]

In addition, please let this letter serve as a request that your client agree to stay all discovery pending the filing and disposition of the motion to dismiss. Naturally, our clients would agree to an extension of the discovery deadline and all other scheduling deadlines imposed by the Court at the Scheduling Conference if the motion to dismiss were to be denied. Therefore, no prejudice would result from the stay of discovery.

Since the current deadline to respond to your client's discovery is August 25, 2005, please provide us with a response to both the settlement offer and the request for a stay of discovery by the close of business on August 24, 2005.

Thank you.

Very truly yours,

*[signature]*
Michael H. Theodore